JOSEPH D. COX, PLAINTIFF IN ERROR, v. JOHN TYLER, DEFENDANT IN ERROR.

6   297
6 . 492
10  510
11  239
11  240
12  479
23  545

6   297
37  643

6   297
38  357

6   297
55  594

1. **Practice in county courts:** NEW TRIAL IN: The jurisdiction of the county courts, in the granting of new trials, is the same, and no greater, than that given to justices of the peace, and is derived from the same statute.

2. ———: ———. It is only when the judge is satisfied that the verdict was obtained by *fraud, partiality, or undue means,* that a new trial can be granted in these courts.

ERROR from the district court for Richardson county. Tried below before WEAVER, J.

The cause was begun in the county court of that county and a default entered; Dec. 4, 1876, trial was had, the plaintiff in error appearing and cross examining the witnesses, and judgment was entered for defendant in error for $500.00 and costs. On the sixth of December, the defendant in error filed a transcript of the judgment in the office of the clerk of the district court for the purpose of acquiring a lien upon the real estate of the plaintiff in error. On the seventh of December the plaintiff in error filed a motion to vacate the judgment, and on the sixteenth of December the county court sustained that motion and vacated the judgment, to which exceptions were duly noted, and the defendant in error here took the cause upon the ruling of the county court upon the motion to vacate the judgment to the district court, by petition in error, and at the March term, 1877, of said district court, the ruling of the county court upon the motion to vacate the judgment was reversed, and from this judgment of reversal the cause was brought here.

*Isham Reavis, A. R. Scott, and A. L. Rich,* for plaintiff in error.

From the provisions of the constitution (sections 15, 16, Art. VI) it is clear, that while the county court is made the successor of the probate court, it is one of enlarged power and radically different in its principal characteristics. It is made not only a " court of record," but it is one of original jurisdiction within certain lim-

Cox v. Tyler.

its. The theory of the defendant in error is, that the justices' code governs the procedure of the county court, and that unless it is plainly provided in that statute that a judgment may be vacated on motion, no such power exists. This cannot be true, or the court must hold that the words "court of record" used in the constitution are wholly without meaning. The framers of that instrument evidently used those words for a particular purpose, and with reference to some recognized understanding of their meaning in that connection. The descriptive words, "of record," when applied to courts, are evidently used in contradistinction to courts "not of record;" and the idea conveyed is, that there exists a legal as well as a fundamental difference between such courts. Freeman on Judgments, sec. 517. There is then this recognized distinction between the county courts established by the new constitution, and justices of the peace; they are in this state, in the fullest sense, courts of record; they belong to that class whose records import absolute verity, that are competent to decide on their own jurisdiction and exercise it; to find judgment without setting forth the facts and evidence on which it is rendered; while justices of the peace have none of these peculiar attributes and powers, nor are they aided by any legal presumptions. The county courts of this state come within the rule laid down by Mr. Freeman in his work referred to. Supra. sec. 122. *Bartling v. Jamison*, 44 Mo., 141.

The act of 1873, sec. 11, provides that in actions where the sum claimed exceeds one hundred dollars the rules of pleading and process in the district court shall apply, so far as may be, to pleadings and process in the probate courts. Gen. Stat., 263. Under this provision a default improperly entered may be set aside, and if that may be done, why may not a judgment be set aside for the same reason? There is no limitation, in express

words, in the statute upon the power, and if it may be exercised in the furtherance of justice in one particular, why may it not in all? If the justices' act is to be the measure of power in the county court (which we deny), then we contend that in the absence of any express limitation in the act of 1873, sec. 1085 of the justices' act relieves us of any difficulty in the premises. That section provides that " the provisions of this code (meaning the code that governs procedure in the district court), which are in their nature applicable, and in respect to which no special provision is made by statute, shall apply to proceedings before justices of the peace." Substitute " county court " for " justices of the peace " in that section, and its legitimate operation extends to that court the code of civil procedure with reference to the vacation of judgments. But we submit that, independent of the statute, a court of record possesses absolute control of its judgments and acts, and unless the power is expressly denied by the law of its creation, may vacate its judgment in a proper cause; and in that particular its acts are not reviewable by an appellate court except for gross abuse of discretion. Indeed, it is difficult to understand how a court of that kind could proceed if it is true that it has no other powers than those expressly enumerated in the statute. The rule, as stated by Lord Coke, " that when the law granteth to any one anything, he has that without which the thing itself could not be," has peculiar application to the matter in hand. A court of record which does not have, as such and inherently, the power to do a very plain act of justice, or undo a very plain act of injustice occurring in proceedings of its own, is one of the curiosities of legal science. That provision of the code of civil procedure with reference to the granting of new trials, is not a grant, but rather a limitation upon power inherently possessed by courts of record. Courts of original jurisdiction and

courts of record, proceeding according to the course of the common law, have power (and power is jurisdiction) to vacate their own judgments on a proper showing.

*Geo. P. Uhl*, for defendant in error.

The act creating the probate court, of which the county court is the successor, provides that: " The provisions of the code of civil procedure relative to justices of the peace shall, where no special provision is made by this subdivision, apply to proceedings in all civil actions prosecuted before said probate judge." From this provision we claim that unless the act creating the probate court provides a power to vacate a judgment and the mode of doing it, the justices' code must be complied with. The justices code, on page 682, section 982, and page 685, section 1001, Gen. Stat., provides when and in what cases the justice may vacate a judgment, and how it may be done. It cannot be claimed that the reason for vacating this judgment was one of those mentioned in those provisions of the statute, nor was there a compliance with the requirements of those provisions, as will appear from the record; so that if the county court had the power to vacate that judgment it must be found outside of the statute, and we deny that such a power exists.

LAKE, Ch. J.

This is a petition in error to reverse the judgment of the district court for Richardson county, by which an order of the county court vacating its former judgment and granting a new trial was set aside, and the original judgment in favor of the defendant in error fully restored.

It is contended on behalf of the plaintiff in error that the county court, being a court of record, has the same power and authority over its judgments, in the granting

of new trials, as is exercised by the district courts. But this position cannot be sustained. It is true that county courts are by the constitution made courts of record, but it by no means follows from this, that they are invested with the extensive jurisdiction here contended for.

By provision of our new constitution the statutes in force at its adoption, and not in conflict therewith, defining and regulating the jurisdiction of our former probate courts, were made applicable to their successors, the county courts. By section two of " An act concerning the organization, powers, and jurisdiction of probate courts," passed March 3, 1873, it is provided that: " Probate judges, in their respective counties, shall have and exercise the ordinary powers and jurisdiction of a justice of the peace, and shall have concurrent jurisdiction with the district court in all civil cases in any sum not exceeding five hundred dollars, exclusive of costs, and in actions of replevin where the appraised value of the property does not exceed that sum; *and the provisions of the code of civil procedure relative to justices of the peace shall, where no special provision is made by this subdivision, apply to the proceedings in all civil actions prosecuted before said probate judges.*"

It will be noticed that this section extends not alone to cases in which a justice of the peace would have jurisdiction, but to "*all civil actions prosecuted before said probate judges,*" and consequently, as no provision is made " in this subdivision " respecting the conducting of a trial, nor as to the powers of the judge over the judgment after it is once entered, we must resort to " the code of civil procedure relative to justices of the peace," for direction in this matter.

Some reliance seemed to be placed by counsel on section eleven of the act first referred to, as authorizing a resort to the rules of practice established for the district

Cox v. Tyler.

courts in similar cases. But this section expressly limits the use of these rules to the "pleading and process" of the county courts. They furnish no guide whatever in the practice now under consideration.

By section nine hundred and eighty-three, chapter seven, title thirty of the code of civil procedure, it is provided upon what grounds and within what time after the rendition of a judgment, a justice of the peace may grant a new trial. This section is in these words: "It shall be lawful for a justice, before whom a cause has been tried, on motion, and being satisfied that the verdict was obtained by fraud, partiality, or undue means, at any time within four days after the entering of judgment to grant a new trial," etc. This section being by express provision of statute made applicable to county courts, must be held to fix the extent of their power over their judgments in the granting of new trials; and it is only when the judge is "satisfied that the verdict was obtained by fraud, partiality, or undue means," that he is authorized to vacate a judgment when once duly entered. Here the grounds upon which the court assumed to act were simply that the judgment was not supported by the evidence, and was contrary to the law of the case.

We are of the opinion that the judgment of the district court is correct, and it must be affirmed.

JUDGMENT ACCORDINGLY.