WILLIAM B. NARACONG, PLAINTIFF IN ERROR, V. Z. H. GRAVES, DEFENDANT IN ERROR.

**Practice in County Courts.** On the first day of the return term, B demurred to the petition of A. Demurrer sustained. A asked leave to amend his petition *instanter*. Leave granted. Amended petition filed, immediately. B withdrew from the court room and did not return. Same day, B, defendant, was defaulted for want of an answer. The next day—second day of the term—trial had in the absence of defendant, B, and judgment for plaintiff, A. *Held*, no error.

ERROR from the district court for Butler county.

*Dean & Garfield,* for plaintiff in error, cited Gen. Stat., 266, sec. 11. Id., 546, sec. 142. 1 W. L. Monthly, 351.

*Robberts & Steele,* for defendant in error.

1. The entire subject·of amendments, terms upon which they are made, time of answering after filing an amended petition during term, is left to the discretion of the trial court, and the plaintiff in error must show an abuse of that discretion before this court will grant relief. *Mills v. Miller,* 3 Neb., 95. *O'Dea v. Washington Co.,* Id., 122. *Davis v. Wilson,* 11 Kansas, 80. *Gulf Railroad Company v. Owen,* 8 Kansas, 414.

2. The plaintiff in error does not claim to have been surprised by the amendment, nor indeed could he have been, because the amendment did not change the cause of action in the least from that which was set out in the original petition, nor did he make an application for postponement, as he should have done. *Hobson v. Ogden,* 16 Kan., 393. *Higbee v. Ayers & Martin,* 14 Kan., 331.

COBB, J.

This action was commenced in the county court of Butler county. The plaintiff's claim exceeded one hundred dollars. On the first day of the term to which the summons was returnable, the defendant appeared and demurred to the petition. The demurrer was sustained, whereupon plaintiff applied for and obtained leave to amend his petition *instanter*. The amended petition was filed immediately, whereupon the defendant withdrew and failed to appear further in the case in that court. On motion of the plaintiff the case was continued until the following day at 10 o'clock A.M., at which hour the cause was called; plaintiff appeared, defendant failed to appear, or for one hour thereafter, when a trial was had and judgment rendered in favor of the plaintiff. Thereupon the defendant took the cause to the district court on error and from the judgment of the district court affirming said judgment of the county court, and overruling said petition in error, the said defendant below—plaintiff in error—brings the cause to this court by petition in error.

The question presented for the consideration of this court is, whether the amending of his petition by the plaintiff, by leave of the court, had the effect to extend the time for answering on the part of the defendant. Plaintiff in error cites General Statutes, p. 266, § 11, and Ib., p. 546, § 142, the first of which provides that in actions before the county court, where the amount claimed exceeds one hundred dollars, motions and demurrers shall be allowed, and the rule of practice concerning pleading and process in the district court shall be applicable so far as may be to pleadings in the county court; and the second of which comes under the head of mistakes and amendments, and refers clear-

Naracong v. Graves.

ly to cases of amendment out of term and without leave of the court. Plaintiff in error also cites *Mather v. Gallia Furnace Co.*, 1 Western Law Monthly, 351. This work not being in the library we have not examined the case, but from the note of it in Seney's code it would seem to sustain the point made by plaintiff in error. But such is not the law as we understand it. In case of amended pleadings filed in vacation, either the statute or a rule of court—in this state the statute—fixes the time in which the opposite party may answer or reply to the amended pleading, and notice of such amendment shall be served on the other party, and the time commences to run from the day of serving such notice. But when a party obtains leave of the court to amend his pleadings in open court, no notice of such amendment need be served on the opposite party, and if the opposite party desires time to answer the amended pleading he must apply to the court for it. And in proper cases the cause will be continued even over the term to give sufficient time to answer such amended pleading. Sec. 147, p. 546, General Statutes.

In this case the county court was governed by the laws then in force as to the rule of pleading in the district courts. The parties being in court—the court being in session—it was the duty of the defendant in that court to take notice of the order granting to the plaintiff below leave to amend his pleading; and if upon such amended pleading being filed he desired time in which to answer it, it was his duty to apply for it to the court.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.