JOHN MORDHORST, PLAINTIFF IN ERROR, v. BEN REYNOLDS AND ENOS A. BRONSON, DEFENDANTS IN ERROR.

1. **Trial:** FINDINGS ON QUESTIONS OF FACT. Where the county court, in a proceeding instituted under the provisions of section 602 of the civil code, upon sufficient evidence, sets aside a judgment rendered thereon, as having been obtained by fraud, and its decision is sustained by the district court upon proceedings in error, the findings of such courts will not be molested upon questions of fact.

2. **Practice in County Courts:** CONTINUANCE: FRAUDULENT JUDGMENT. Where, during the pendency of an action in the county court, in a term case, the plaintiff and defendant enter into a verbal agreement that the cause shall be continued, and in violation of such agreement the plaintiff, without notice to defendant, fraudulently procures a judgment to be rendered, the decision of the county court in granting a new trial will be sustained.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*T. D. Cobbey*, for plaintiff in error.

Defendant guilty of gross laches, and not entitled to relief. *Covington v. Sargent*, 27 Ohio State, 233. *Pope v. Hooper*, 6 Neb., 179. *Young v. Morgan*, 9 Id., 173. Setting aside judgment during term at which rendered is

discretionary, but *aliter* as to setting aside after term closed. *Smith v. Pinney,* 2 Neb., 145. *Stuckslager v. McKee,* 40 Iowa, 212. *Miller v. Albaugh,* 24 Id., 128.

*A. D. McCandless,* for defendants in error, cited: *Hartley v. Dorr & Co.,* 15 Neb., 451. *McLaughlin v. Sandusky,* 17 Id., 110. *Hansen v. Bergquist,* 9 Id., 269.

REESE, CH. J.

A brief statement of the facts upon which this case is based may be made as follows: On the 22d day of March, 1887, plaintiff in error commenced an action against defendants in error, in the county court of Gage county. Personal service of summons was made on defendant Reynolds, the service upon Bronson being made by leaving a certified copy at his usual place of residence, he being at that time in the state of New York. The answer day was on Monday, April 4, 1887. No answer was filed and no action taken in the case until April 15th, when plaintiff appeared with his proof and procured a default to be entered against defendants and judgment in his favor for $700. On the 13th of July, defendants in error filed a petition in the county court, by which they sought to procure the judgment to be set aside and vacated, alleging as grounds therefor that it had been obtained by fraud. Upon a hearing by the county court the application to set aside the judgment was sustained, and the cause set down for trial. To this order plaintiff excepted, and removed the case to the district court by proceedings in error. Upon a hearing in that court the decision of the county court was affirmed, and plaintiff brings the cause to this court by like proceedings.

The alleged fraud consisted, as claimed by defendants, in the fact that, prior to the rendition of the judgment, a verbal agreement was made between defendant Reynolds and plaintiff, that the trial should be postponed until a

subsequent time, to be agreed upon by the parties. This agreement was alleged to have been made in view of the fact that defendant Bronson was absent. That defendants relied upon this agreement, but that plaintiff, in violation thereof, without further notice to defendants, and in fraud of their rights, procured the rendition of the judgment. This alleged agreement is denied by plaintiff in error, but was testified to by defendant Reynolds. There was a direct conflict in the testimony, and upon the question of fact we must allow the decision of the county court, followed by that of the district court, to stand.

It is insisted by plaintiff in error that defendants have been guilty of gross laches, and that they are not entitled to any relief in this action. And further, that had it been the agreement between plaintiff and defendants that the cause should be continued until a subsequent time, that such agreement should have been in writing, and that a verbal agreement therefor should not be enforced.

As to the laches of defendants in error, we do not think any has been shown. The judgment was rendered on the 15th day of April. Upon the 13th day of July this proceeding was instituted. It was stated upon the argument, and admitted, that immediately upon the return of defendant Bronson from New York, he instituted proceedings for the purpose of setting aside the judgment, and in which the decision of the district court was against him, and immediately thereafter this proceeding was instituted. We think it quite probable that had that proceeding not been instituted, this would, under the circumstances of the case, have been in time. But that question does not necessarily arise, as it is admitted that within a very short time after the rendition of the judgment a proceeding was instituted to cause its vacation.

This action is not for the purpose of enforcing a verbal agreement, and the rule contended for by plaintiff in error can not be applied, even though it were necessary that

such agreements, in order to their enforcement, be in writing. The basis of the action is, that plaintiff, by agreeing with defendants to the continuance of the case, induced them to remain passive, while he, in violation of that agreement, and without notice to them, procured the judgment to be rendered. If it was true, as was found by the county and district courts, that that agreement was made, then, we think, there is no doubt but that defendants would be entitled to the relief sought by them.

In *Keeler v. Elston*, 22 Neb., 310, the plaintiff was a resident of the state of Nebraska, but went to the state of Wisconsin upon a visit, and while there was sued by the defendant. The parties met, and in a conversation which ensued, plaintiff informed defendant that the claim upon which the action was based had been paid. Upon his attention being called to the circumstances of the payment, defendant admitted that the payment had been made, and informed plaintiff that he need pay no further attention to the suit, that he would cause the same to be dismissed. The plaintiff, relying upon this agreement, returned to Nebraska. The defendant, in violation thereof, procured a judgment to be rendered. After the rendition of the judgment a transcript thereof was sent into this state, upon which an action was brought, and it was held that the defense, that the judgment was obtained by fraud, could be maintained, and if true, defeat the action, notwithstanding the agreement was not in writing. This, we think, is in full accord with the decisions of the courts upon that subject. The action of the county court was in the interest of justice. If plaintiff has a valid cause of action, it can be there maintained. If he has not, it is to be presumed that he would not desire a judgment thereon.

The decision of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.