GEORGE MCGEE ET AL. v. STATE, EX REL. NORTH AMERICAN CATTLE CO.

[FILED JUNE 29, 1891.]

1. **Taxes:** EQUALIZATION: TOWNSHIP BOARD.  In a county under township organization the township board has authority to hear complaints as to the valuation of property returned by the assessor, and to review and correct such assessment, upon complaint being made.  The assessment of a party cannot be increased without giving him or his agent, if residing in the county, notice of such complaint, unless the party assessed voluntarily appears.

2. ———: ———.  THE COUNTY BOARD of equalization, in a county under the supervisor system, has no jurisdiction to increase or reduce the valuation of an individual assessment, where application therefor has not been made to the township board and been rejected.

3. A mandamus will not issue to correct errors committed by a court, or other tribunal, exercising judicial powers.

ERROR to the district court for Antelope county.  Tried below before POWERS, J.

*J. F. Boyd,* and *Allen, Robinson & Reed,* for plaintiff in error, cited: *Miller v. Hurford,* 13 Neb., 24; *Tharp v. Brenneman,* 41 Ia., 251; *State v. Kinkaid,* 23 Neb., 641; *State v. Ueland,* 14 N. W. Rep. [Minn.], 59; *Baldwin v. Shine,* 2 S. W. Rep. [Ky.], 168.

*N. D. Jackson, contra,* cited: *State v. Dodge Co.,* 20 Neb., 596.

NORVAL, J.

The defendant in error presented a petition to the judge of the district court of Antelope county for a peremptory writ of *mandamus*, to compel the plaintiffs in error, the supervisors of Antelope county, to reassemble as a board of equalization, and strike from their record the entry relating to the equalization of the assessment of the relator's property. Upon the hearing, the writ was granted as prayed.

The defendant in error owned a herd of cattle in Neligh township, Antelope county, on the 1st day of April, 1889, subject to taxation therein for that year, which were assessed by the township assessor at $29,425.60. On the first Monday in June the township board met for the purpose of reviewing the assessments of the town, at which meeting the relator made complaint in writing that its property was assessed too high, and asked to have the assessment lowered. The board reduced the assessed valuation to $18,000.

At the meeting of the county board of equalization, a committee of three was appointed to examine the assessment of Neligh township. It made the following report:

"To the Honorable Board of Supervisors: We, the committee appointed to investigate the assessment of Neligh township, would respectfully withdraw the recommendation heretofore read. We would recommend that the action of the town board of equalization of Neligh township, in reducing the assessment as returned by the assessor, be corrected to stand as assessed, for the reason that in making such reduction no testimony was taken on which to make the reduction, and the reduced aggregate assessment of the township was $22,967. We also recommend that the assessment of J. W. Getchell be lowered, as prayed in his petition.

"J. W. VORHEES.
"A. F. BARE.
"C. W. FANNON."

The report was made the special order for the next day. A notice of the hearing was issued by the county clerk directed to N. Miller, which was served by the sheriff by leaving a copy at the usual place of residence of W. Miller, who was the agent of the defendant in error. Without any appearance being made by the North American Cattle Co., the county board of equalization placed the assessment of the company's property back to the sum fixed by the assessor. It is urged that the board had no jurisdiction in the premises.

Section 62 of the revenue law is as follows:

"Sec. 62. In counties under township organization the assessor, with his assessment book and the schedules and statements of property by him assessed, together with the town board, shall meet on the first Monday of June, for the purpose of reviewing the assessment of property of said town. And on the application of any person considering himself aggrieved, or who shall claim that the property of another is assessed too low, they shall review the assessment and correct the same as shall appear to them just. No complaint that another is assessed too low shall be acted upon until the person so assessed, or his agent, shall be notified of such complaint, if a resident of the county."

By this section authority is conferred upon the township board to hear complaints as to the valuation of property returned by the assessor, and to review and correct such assessment. This power cannot be exercised arbitrarily; nor can the board increase or reduce the valuation fixed by the assessor, except upon complaint being made; and they cannot increase the assessment of a party without giving him or his agent, if residing in the county, notice of such complaint, unless the party assessed voluntarily appears. Under the provisions of this section any person who has property listed for taxation in the township may appear before the town board and have redress against an unjust assessment, whether the same is caused by the undervaluation

of the property of his neighbor, or an overvaluation of his own. In this case, the defendant in error made application in writing to the town board to have the valuation of its property lowered. The board reduced the assessment to $18,000. It is claimed by the defendant in error that such action is final and conclusive.

Section 70, chap. 77, Comp. Stats., makes the county board a board of equalization, and requires that a session be held for that purpose, not less than three nor more than thirty days, commencing on the first Tuesday after the second Monday in June, annually. The second subdivision of the section is as follows:

"Second—On the application of any person considering himself aggrieved, or who shall complain that the property of another is assessed too low, they shall review the assessment and correct the same as shall appear to be just. No complaint that another is assessed too low shall be acted upon until the person assessed, or his agent, shall be notified of such complaint, if a resident of the county: *Provided*, That in the counties under township organization [such application] shall have been made to the town board of equalization and been rejected by them."

This subdivision confers upon the county board, in a county not under township organization, precisely the same power to correct and equalize assessments as is possessed by town boards in counties under the supervisor system. As to complaint and notice, the requirements of the two sections of the statute are the same. Under the commissioner system of county government, the county board has exclusive jurisdiction to review and correct individual assessments, while in counties under township organization, the power and jurisdiction of the county board of equalization to hear and act upon complaints, is more restricted and limited. It has power to increase or reduce the valuation of an individual assessment in such counties only, where application therefor has in the first instance

been made to the township board of equalization, and by such board rejected. Obviously this is the purport and meaning of the proviso clause of the second subdivision of section 70. The language is, "*Provided*, That in counties under township organization, such application shall have been made to the town board of equalization, and been rejected by them." The policy of the law is to require the taxpayer in such counties to present his grievances to the town board that it may correct any mistakes made by the assessor in the valuation of property for taxation, and to make the action of the town board final and conclusive in all cases, except where the application or complaint has been rejected by such board. Where the application to correct an assessment is denied by the town board, the taxpayer has the right to present the matter to the county board for review. The statute does not provide for an appeal in such case, but undoubtedly contemplates that the aggrieved party may lodge a new complaint with the county board of equalization, and in case it charges that the assessment of a third party is too low, notice of the complaint must be given, either to the person assessed or his agent, if in the county, before action can be taken by the board thereon. The right of a taxpayer to be heard before the town board would be nugatory, if, after that board has granted the redress to which he is entitled, the county board can arbitrarily undo that action, and place him where he was before his complaint was heard. No such power was conferred by the legislature. The town board in correcting assessments, acts judicially, which action is final and conclusive, unless corrected in the manner provided by law. There are other provisions of the section not quoted, which empower the county boards to equalize the assessments between the towns in counties under township organization.

It follows from the views already expressed, that the county board of Antelope county acted without jurisdiction

in increasing the assessment of the defendant in error. As the county board had no jurisdiction of the subject-matter, it is unnecessary to consider the objection urged against the sufficiency of the notice by which it is claimed jurisdiction was obtained over the person of the defendant in error.

The only point remaining to be determined is the right of the relator to relief in this kind of an action. *Mandamus* will not lie where there is a plain and adequate remedy in the ordinary course of the law. (Code, section 646.)

In *Sioux City & Pacific R. Co. v. Washington County*, 3 Neb., 30, it is held that the decision of the county board of equalization, in changing the assessed valuation of property of an individual taxpayer, can be reviewed by the district court by petition in error. It would seem that this remedy is full and complete. The object and purpose of the writ of *mandamus* is to compel action, and it cannot be invoked to correct errors committed by a court or any other tribunal exercising judicial powers. (*State v. Nemaha Co.*, 10 Neb., 32; *State v. Powell*, Id., 48.)

The case of *The State v. Dodge County*, 20 Neb., 595, cited by the relator, does not conflict with the rule laid down in the above cases. It appears in that case that the board of equalization of Dodge county increased the valuation of assessment of Harlow Goff without hearing any evidence on which to base their action, but made up the record to show that evidence was received, thereby preventing the review of their action by proceedings in error. A *mandamus* was awarded to compel the board to correct their record to correspond with the facts. In the case before us the relator seeks to have the respondents strike from their record the action of the board increasing the relator's assessment, on the ground that they had no power to make the order. In other words, to compel them to them to undo what they had already done. The distinction between the two cases is obvious.

But it is said the county board of Antelope county, without any evidence before them, made their record show that the town board reduced the relator's assessment without hearing any evidence, and that he is entitled to a writ of *mandamus* to compel them to make their record to conform to the facts. We do not perceive how such relief could be of any value to the relator, as their whole proceedings were without jurisdiction, and are a nullity. As the plaintiff is not entitled to a writ of *mandamus*, the judgment of the district court is reversed and the action dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.