STATE OF NEBRASKA, EX REL. THEODORE GALLIGHER,
v. GEORGE HOLMES, JR.

FILED NOVEMBER 21, 1893.   No. 5043.

1. **Mandamus**: WRIT NOT PROPER FOR PURPOSE OF CORRECTING
    ERROR.  *Mandamus* cannot be invoked for the purpose of cor-
    recting error committed by a court, or other tribunal exercis-
    ing judicial functions.

2. ———: ———: REMEDY BY PETITION IN ERROR.  The appro-
    priate and proper remedy for reviewing a decision of a justice
    of the peace in granting a new trial on the ground of fraud,
    partiality, or undue means, is the ordinary one of a petition in
    error to the district court.

ERROR from the district court of Douglas county.
Tried below before IRVINE, J.

*David Van Etten,* for plaintiff in error:

The motion to grant a new trial was set for hearing be-
fore the justice after the expiration of four days from the
rendition of the verdict, and the justice was then without
authority to entertain the motion. (Compiled Statutes,
Code, sec. 983; *Vaughn v. O'Conner,* 12 Neb., 478.)

*Ambrose & Duffie,* contra:

The remedy sought is not the proper one.  The remedy
was by direct proceedings to correct the errors complained
of.  Injunction or *mandamus* will not lie. (*State v. Gilles-
pie,* 9 Neb., 505; *Shelby v. Hoffman,* 7 O. St., 451; *State
v. Kinkaid,* 23 Neb., 641; *Gould v. Loughran,* 19 Neb.,
392.)

NORVAL, J.

Relator and plaintiff in error brought his action in the
court below for a *mandamus* to require the respondent, a

justice of the peace of Douglas county, to issue an execution upon a judgment for costs, recovered before the respondent in a case wherein one Frank Jones was plaintiff, and the relator and one Elizabeth Galligher were defendants. An alternative writ was issued, and the respondent filed an answer thereto. The cause was heard on the alternative writ and answer, and the district court dismissed the action.

The record shows that the above mentioned case of *Jones v. Galligher and Galligher* was tried before the relator and a jury, and on the 14th day of September, 1891, the jury returned a verdict for the defendants. Thereupon, on said day, the justice rendered judgment upon the verdict, and that plaintiff pay the costs of the action. On the 17th day of the same month said plaintiff Jones filed a motion with the justice to set aside the verdict and judgment and for a new trial of the case on the ground, among others, that the verdict was rendered by reason of the prejudice of the jury against the plaintiff. Hearing on the motion was set for September 19th, and notice was duly served upon the defendants, on which date counsel for the respective parties appeared before the justice, and by consent the hearing was continued until September 26th. On said last mentioned date the motion was submitted to the justice, who took the same under advisement until September 29th, upon which date the motion was sustained, the verdict and judgment were set aside, and the cause set for trial on October 5, 1891. Prior to the last named date this application for a *mandamus* was made to the district court.

The contention of the plaintiff in error is that the respondent had no power or authority to vacate the judgment in question and grant a new trial; therefore his action in the premises is a nullity. Section 983 of the Civil Code confers jurisdiction upon justice courts to grant a new trial in cases where it is shown "that the verdict was obtained by

fraud, partiality, or undue means, at any time within four days after the entering of judgment." (*Cox v. Tyler*, 6 Neb., 297; *Templin v. Synder*, 6 Neb., 491.) As heretofore stated, one of the grounds in the motion on which the respondent assumed to act was the partiality of the jury, which is one of the causes enumerated in the section of the statute referred to above for granting a new trial by a justice of the peace.

But it is said the respondent had no authority to vacate the judgment, since the order granting a new trial was made more than four days after the return of the verdict and the entry of judgment thereon. *Vaughn v. O'Conner*, 12 Neb., 478, was tried in the county court, and the plaintiff obtained a verdict. Defendant immediately gave notice of a motion for a new trial, and within three days a motion to that effect was filed, under the provisions of section 983 of the Code of Civil Procedure, which motion was granted on the 8th day of March. This court, after quoting the above section of the statute, say: "The new trial is to be granted within four days, if at all. The authority of a justice of the peace or county judge to grant a new trial is derived wholly from the statute, and it must be exercised in the manner and within the time limited therein. (*Cox v. Tyler*, 6 Neb., 297; *Fox v. Meacham*, 6 Neb., 530.) The county court had no authority, therefore, on the 8th day of March, to set aside a verdict rendered on the 14th day of February." In the light of that decision it must be conceded that the respondent in this case erred in granting a new trial, and, in a proper proceeding brought for that purpose, his ruling would have to be overruled. It is, however, clear that relator has mistaken his remedy. The appropriate and proper remedy is the ordinary one of a petition in error to the district court. (*State v. Powell*, 10 Neb., 48.)

The case cited was an application for a *mandamus* to compel a justice of the peace to reinstate a judgment, where,

on the trial to a jury of the rights of property levied on by a constable, a verdict had been rendered in favor of the judgment creditors, which, on motion, the justice set aside on the ground of partiality and undue means. This court ruled that the alleged error in vacating the verdict and judgment could not be reviewed in a proceeding for *mandamus*. (See *Gould v. Loughran*, 19 Neb., 392.) It is well settled that *mandamus* cannot be resorted to for the purpose of correcting errors committed by a court or other tribunal exercising judicial functions. (*State v. Nemaha County*, 10 Neb., 32; *State v. Kinkaid*, 23 Neb., 641; *McGee v. State*, 32 Neb., 149.)

The judgment of the district court is right and is

AFFIRMED.