HENRY H. GENAU V. RAYMOND J. ABBOTT, EXECUTOR OF THE LAST WILL AND TESTAMENT OF JOSEPH GENAU, DECEASED.

FILED MARCH 4, 1903. No. 12,574.

1. **Equitable Relief: PROBATE COURT: RULES OF PLEADING.**   Applications for equitable relief on the probate side of the county court in matters within the exclusive jurisdiction of that court, are to be deemed suits in eqᵘ ity, and are governed by the general rules of pleading applicable to such suits in the district court.

2. ———: PETITION: STRIKING FROM FILES.   It is not proper practice to strike from the files a duly verified petition by an heir at law of the testator seeking equitable relief against an order admitting a will to probate.   Such a petition should be met by demurrer or answer.

3. **Petition: ORDER TO STRIKE: ERROR.**   If the petition states a cause of action on its face, an order striking it from the files is not to be held error without prejudice because such petition is ob-

noxious to motion with respect to form, and the record in the probate proceedings discloses facts at variance with some of its allegations.

ERROR to the district court for Saline county: GEORGE W. STUBBS, DISTRICT JUDGE. *Reversed.*

*George H. Hastings, Henry W. Wilson* and *Elmer W. Brown,* for plaintiffs in error.

*Ezra S. Abbott* and *Roy Abbott, contra.*

POUND, C.

Plaintiff in error filed in the county court a petition, duly verified, alleging that he was one of the heirs at law of Joseph Genau, deceased; that an instrument purporting to be the last will of said Joseph Genau had been admitted to probate in said court; that he had no actual knowledge that such will was to be offered for probate or probate proceedings had on the day when the order of probate was made, and was informed by the sole beneficiary of the will, and led to believe, that it would only be opened and read at that time; that he was not present when the subscribing witnesses were examined and the will probated, and did not know of such action till afterward; that he was afforded no opportunity to make and file objections; and that before the time for an appeal had elapsed, he was induced to abandon the matter and suffer the order to stand without appeal, by a contract of settlement entered into between himself and the beneficiary of the will, which said beneficiary afterwards repudiated. He attaches as an exhibit certain objections to probate of the will, under oath, which set up, on their face, good and substantial grounds of contest, and makes them a part of his petition. He prays to have the order admitting the will to probate set aside, for a hearing upon his objections, and for general equitable relief. A motion was made to strike this petition from the files, which was granted, and the judgment of the district court affirming such action is assigned as error.

We think the county court erred in its view as to the practice applicable to such a case. We know of no warrant for trial of the sufficiency of a petition in an independent suit in equity upon affidavits as to the merits and the record in the proceedings attacked by such petition on a motion to strike it from the files. Applications for equitable relief on the probate side of the county court in matters within the exclusive jurisdiction of that court, are to be deemed suits in equity. *Williams v. Miles,* 63 Neb. 859. There is no express statutory provision for such suits. They are permissible because the county court is given full, complete and exclusive jurisdiction in probate matters, and such jurisdiction would not be complete if the necessary equity powers did not exist somewhere. The provisions of the Code as to pleading and practice before justices of the peace are obviously inapplicable. Accordingly we think the general rules of pleading governing suits in equity in the district court should be applied, and that section 901, Code of Civil Procedure, affords good ground for so holding. The petition should have been met by answer or demurrer.

It is contended, however, that the motion to strike the petition from the files was intended as a demurrer, and that the error is without prejudice. It is probably true that the petition is obnoxious to motion with respect to its form in some particulars, and the manner in which the allegations that plaintiff has a good defense to proceedings for probate and substantial grounds for contesting the will are incorporated is not to be commended. It may be, moreover, that there are matters in the prayer which might be amended. But under the Code, all that is essential is a statement of facts showing a cause of action and a prayer for general equitable relief. *Merriman v. Hyde,* 9 Neb. 113; *Pefley v. Johnson,* 30 Neb. 529; *Skinner v. Skinner,* 38 Neb. 756; *Ball v. Beaumont,* 59 Neb. 631. Neither the fact that the petition may be informal or open to objection in respect of particular allegations, nor the fact that the record in the probate pro-

ceedings attacked may disclose facts at variance with some of its allegations, affords any ground of demurrer or warrant for striking it from the files. The petition is the commencement of an independent suit in equity, directed against the probate proceedings, and the record in those proceedings is not before the court until some issue of fact or law is properly raised requiring an investigation thereof.

We recommend that the judgment of the district court be reversed and the cause remanded.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause is remanded.

REVERSED AND REMANDED.