OAKDALE HEAT & LIGHT COMPANY, APPELLEE, V. GEORGE N. SEYMOUR ET AL., APPELLANTS.*

FILED JANUARY 5, 1907.   No. 14,564.

1. **Judgment: DEFAULT.** It is error for a county court to enter final judgment against a defendant on the day of his default.
2. **County Courts, Error to.** Proceedings in error from a county court are governed by the statute providing for error proceedings from a judgment of a justice of the peace.

APPEAL from the district court for Antelope county: JOHN F. BOYD, JUDGE. *Affirmed.*

*O. A. Williams,* for appellants.

*M. D. Tyler* and *George F. Boyd, contra.*

OLDHAM, C.

This action was instituted as a term case in the county court of Antelope county, Nebraska, on the 15th day of

* Rehearing allowed. See opinion, p. 50, *post.*

February, 1904. ‑ The case was continued in that court and dilatory motions were filed until the 5th day of September, 1904, when the case was continued by agreement to October 13, 1904, and defendant allowed 20 days to answer. Before the expiration of the 20 days defendant, instead of answering, filed two motions, one of which was to require the plaintiffs to make their petition more definite and certain. When the case was reached on the 13th of October, the court sustained defendant's motion to require plaintiffs to make the petition more definite and certain. Plaintiffs acquiesced in the ruling on this motion, and filed an amended petition instanter in the absence of the defendant. On the filing of the amended petition plaintiffs called a witness, made proof of the account, and the court rendered judgment in their favor, and adjourned the day's sitting. At the next term of court defendant filed a motion to set aside the judgment for various reasons. This motion being overruled, defendant, within the time prescribed by statute, filed a bond and a petition in error in the district court for Antelope county, praying to have the judgment of the county court set aside for irregularity in the manner in which it was entered, and for other reasons which need not be considered. On the hearing in the district court the petition in error was sustained, the judgment of the county court set aside, and the cause set down for trial in the district court. To review this judgment of the district court in setting aside the judgment of the county court, the plaintiffs have appealed to this court.

It is contended by the appellants that, as defendant was in default of answer on the day that the judgment was rendered, the action of the county court in rendering judgment was regular and not subject to review in error proceedings. If the county court had stricken from the files the two motions filed by the defendant, and left the defendant in default as of the day on which it had been ordered to answer, there would be much in this contention. But the record shows that the

court entertained the motions, overruling one and sustain-ing the other, and that plaintiffs acquiesced in the ruling of the court and filed an amended petition instanter. When the motion of the defendant was sustained and the amended petition filed, defendant was not, at that instant, in default.   Section 12, ch. 20, Comp. St. 1905, reads as follows: "If no answer is filed on or before the first day of the term, in any action to be tried during such term, the plaintiff may have the default of the defendant entered, and may proceed to judgment on any succeeding day dur-ing the term, upon proving his cause of action."   This sec-tion anticipates that a final judgment shall not be entered by the county court on the day of the default of the de-fendant.   It is plain that, if defendant had been present when the amended petition was filed, it would have been entitled to a reasonable time to plead to it, if it had so requested, and that it would have been erroneous to force defendant to an immediate trial without allowing it a chance to plead.   Consequently, when it was absent the most, we think, the court could have done with propriety would have been to enter a default against the defendant, and, having done so, it should have waited until a suc-ceeding day of the term before entering its final judgment.

It is urged by the appellants that the motion to set aside the judgment, filed in the county court, was insuffi-cient and did not allege the ground of irregularity relied upon in the petition in error, and that, consequently, the hearing in the error proceedings should have been con-fined to the allegations of error contained in the motion to set aside the judgment.   By section 26, ch. 20, Comp. St. 1905, error proceedings from a probate or county court are governed in the same manner as provided by law for error proceedings from a judgment of a justice of the peace.   In error proceedings from a justice of the peace, there is no provision for the filing of a motion for a new trial, or to set aside the judgment sought to be reviewed. Consequently, the filing of this motion in the county court was superfluous and of no effect.

For the reasons stated, we think that the trial court did not err in sustaining the petition in error, and we recommend that the judgment of the district court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on rehearing was filed January 8, 1908. *Former judgment of affirmance vacated, judgment of district court reversed and judgment of county court affirmed:*

1. New Trial: COUNTY COURT. The county court in term cases has jurisdiction to grant a new trial under section 602 of the code.

2. Judgment: DEFAULT. The county court cannot enter judgment by default on the answer day; that is, on the first day of the term at which the cause first stands for trial. But, when both parties have appeared and the cause has been by agreement continued to a day certain, the parties are bound to attend on that day, and if the defendant fails to do so the cause may be tried in his absence.

SEDGWICK, C. J.

The first proposition stated in the syllabus of the opinion upon the former hearing is: "It is error for a county court to enter final judgment against a defendant on the day of his default." We are satisfied that this is a correct proposition of law only as it relates to the default for answer upon the first day of the term. Section 12, ch. 20, Comp. St. 1905, we think has been misapplied in the opinion. Section 10 of that chapter provides: "In all civil actions in the county court, where the amount claimed exceeds the jurisdiction of a justice of the peace," the petition must be filed before the summons is issued, and that "the defendant shall also, on or before the first day of the term at which the cause stands for trial, file in

such court his answer." The first day of the term is made the answer day, and section 12, quoted in the former opinion, provides that, "If no answer is filed on or before the first day of the term, in any action to be tried during such term, the plaintiff may have the default of the defendant entered, and may proceed to judgment on any succeeding day during the term, upon proving his cause of action." The next preceding section provides that motions and demurrers shall be allowed as in the district court, and section 12 must be, of course, understood in the light of the preceding section. If a motion or demurrer should be pending on the first day of the term, and for that reason no answer filed, the plaintiff would not be allowed, solely because no answer was on file on the first day of the term, to have the default of defendant entered, and exclude the defendant from any participation in the trial. It is because the defendant is given the whole of the first day of the term by section 10 to file his answer that judgment cannot be taken against him upon that day by default, and this provision of the statute does not apply to any other day. In the case at bar the answer day was long past. The parties had entered their appearance in the cause and had agreed upon a time for the trial. The cause had been continued to that time accordingly, and it was undoubtedly the duty of both parties to be present at the time fixed by the order of the court for the hearing. The court properly allowed the plaintiff to file an amended petition, and the defendant, no doubt, would have been allowed suitable time to answer thereto if he had requested it. He wilfully absented himself from the court at the time fixed for the hearing of his cause, and he brought himself within the plain rule announced in *Naracong v. Graves*, 8 Neb. 443:

"But when a party obtains leave of the court to amend his pleadings in open court, no notice of such amendment need be served on the opposite party, and if the opposite party desires time to answer the amended pleading he must apply to the court for it. And in proper cases the cause

will be continued even over the term to give sufficient time to answer such amended pleading. Sec. 147, p. 546, General Statutes. In this case the county court was governed by the laws then in force as to the rule of pleading in that court to take notice of the order granting to the court being in session—it was the duty of the defendant in that court to take notice of the order granting to the plaintiff below leave to amend his pleading; and if upon such amended pleading being filed he desired time in which to answer it, it was his duty to apply for it to the court."

The company had all of the answer day—that is, the first day of the term at which its cause first stood for trial —in which to file its answer, and after that day was passed the rules of practice concerning pleadings and processes in the district court were applicable (sec. 11); and, when the cause was set down for a specified day, there is no provision of the statute exempting counsel from the necessity of attending upon that day to look after the interests of their clients and they are bound to take notice of the proceedings had in open court when the cause regularly stands for hearing.

2. It was also said in the opinion upon the former hearing: "By section 26, ch. 20, Comp. St. 1905, error proceedings from a probate or county court are governed in the same manner as provided by law for error proceedings from a judgment of a justice of the peace. In error proceedings from a justice of the peace, there is no provision for the filing of a motion for a new trial, or to set aside the judgment sought to be reviewed." Section 610 of the code provides: "The provisions of this title subsequent to section 601 shall apply to the supreme court and probate court, so far as the same may be applicable to the judgments or final orders of such courts." This makes the provisions of section 602 of the code applicable to probate courts, and also the following sections which prescribe the practice to be pursued in the court in which it is sought to vacate or modify judgments and orders. Do

these sections apply to the county court when not exercising its probate jurisdiction? It appears that some confusion exists in the decisions of this court upon this question. In *Cox v. Tyler*, 6 Neb. 297, which was decided in 1877, it was held: "The jurisdiction of the county courts in the granting of new trials, is the same, and no greater, than that given to justices of the peace, and is derived from the same statute." In that case the amount involved was more than $200, and so the question was squarely presented. It will be noticed, however, that no reference was made in the opinion in that case to section 610 of the code. Again in *Vaughn v. O'Conner*, 12 Neb. 478, it is held in general terms that "county courts are governed by the same provisions of the statute in granting a new trial as a justice of the peace," and *Cox v. Tyler, supra,* is cited for this proposition. Section 610 is not referred to, and there is but little discussion of the question, and no distinction is made between the jurisdiction of the county court in term cases and the jurisdictions of the judge of that court when sitting as a justice of the peace. These two cases have been referred to in some later cases, but we do not find that the proposition here contended for has any considerable support in the later decisions.

In *State v. Holmes*, 38 Neb. 355, the district court refused to allow a writ of mandamus to compel a justice of the peace to issue an execution upon a judgment rendered by him. After the judgment had been rendered by the justice a motion was filed before him to vacate the judgment. The justice sustained the motion, set aside the judgment, and set the cause down for trial. Before the time for trial so fixed had been reached, the action was begun to compel the justice to issue an execution upon the judgment, for the reason that he had no power or authority to vacate the judgment and grant a new trial. The court held that under the circumstances of the case the justice had no such power, and so sustained the decision of the district court. It was, of course, not neces-

sary in that case to consider the question here presented, but the court cited *Cox v. Tyler, supra,* and other cases, as authority upon the question.

In *Bond v. Wycoff,* 42 Neb. 214, the district court, upon petition in error from the judgment of the county court, affirmed that judgment, and this court affirmed the judgment of the district court. The county court of Lancaster county in a term case entered judgment by default. More than four days afterwards a motion was filed to vacate the judgment, which was overruled by the county court. No question appears to have been raised as to the jurisdiction of the county court in a term case to consider and act upon a motion for a new trial in the same manner that the district court might do. The decision was put entirely upon another ground. It was assumed by all that the county court had such jurisdiction.

In *Ritchey v. Seeley,* 73 Neb. 164, it was said: "But in our opinion sections 602 *et seq.* of the code have exclusive reference to happenings incident to procedure in the district court, and while that court has jurisdiction of the cause in which they occur." Plainly this language has no application to the point presented in this case. The expression quoted should be understood as though it read: But in our opinion sections 602 *et seq.* of the code have exclusive reference to happenings incident to procedure in the court which has jurisdiction of the cause in which they occur.

The constitution of 1866 provided for probate courts, and provided that the jurisdiction of such courts shall be fixed by law. By the Compiled Statutes of 1866 these courts were given only probate jurisdiction, but the acts of 1870 and 1873 gave to the judge of the probate court the jurisdiction of a justice of the peace and concurrent jurisdiction with the district court in civil cases, by the one act in sums not exceeding $300, and in the other in sums not exceeding $500. The act of 1870 provided that "the code of civil procedure and the code relative to justices of the peace (in the absence of special provisions

of the act itself)    *    *    *    shall apply to all civil pro-
ceedings of said probate court." Laws 1870, p. 7. The act
of 1873 enacted: "The provisions of the code of civil pro-
cedure, relative to justices of the peace, shall, where no
special provision is made by this subdivision, apply to the
proceedings in all civil actions prosecuted before said
probate judges." Gen. St. 1873, p. 263. This last act
repealed the act of 1870, and also chapter 1 of title 25 of
the code of civil procedure. The chapter repealed was
entitled "Probate Courts," and the new act of 1873 was
supposed to take the place of the chapter of the code which
was repealed thereby, and so the words "by this subdivis-
ion" were understood in *Cox v. Tyler, supra,* to exclude the
general provisions of the code not embraced in the justice
act, nor in the act defining the jurisdiction of probate
courts, from any application to proceedings had in such
courts. And so that decision and those which appear to
follow it may be considered to be in direct conflict with the
later decisions which consider that section 610 of the code
of civil procedure applies to county courts.

The constitution of 1875 provided for county courts, and
by section 15, art. XVI, it was declared that "county courts
*    *    *    shall be the successors    *    *    *    of the probate
courts, having jurisdiction under the existing constitu-
tion." By the legislation enacted under the new consti-
tution the practice in county courts in cases in which
the amount involved exceeded the jurisdiction of a justice
of the peace was conformed, as far as practicable, to the
practice obtaining in the district court. Pleadings are
required as in the district court, and the petition is
required to be verified "in like manner as a petition is re-
quired to be verified in the district court." Comp. St.
1905, ch. 20, sec. 10. Motions and demurrers are allowed,
and the rules of practice concerning pleadings and pro-
cesses in the district court "shall be applicable, so far as
may be, to pleadings in the county court." Sec. 11. The
provisions of the code relative to the trial docket in the

district court are made to apply to the county court (sec. 15), and regular terms are established. Sec. 8.

In *Mordhorst v. Reynolds*, 23 Neb. 485, it was held: "Where, during the pendency of an action in the county court in a term case, the plaintiff and defendant enter into a verbal agreement that the cause shall be continued, and in violation of such agreement the plaintiff, without notice to defendant, fraudulently procures a judgment to be rendered, the decision of the county court in granting a new trial will be sustained." The petition for a new trial was filed more than four days after judgment was entered, so that as a justice of the peace the court would have had no jurisdiction to grant the petition.

In *Ley v. Pilger*, 59 Neb. 561, the defendant, against whom a judgment had been rendered in a term case by the county court of Stanton county, prosecuted a petition in error in the district court, where the judgment of the county court was affirmed. The judgment was by default, and the error complained of was in the issuing and service of process. The defendant did not move in the county court to quash the summons and did not file any motion for a new trial. The court said: "The right to correct this error belonged, in the first instance, to the county court, and could not be raised, primarily, in the district court. The matter is governed by sections 597 and 598 of the code of civil procedure." The sections referred to were then quoted, and the court continued: "The attention of the county court not having been called to the error committed by it in rendering judgment against the defendant at the May term, its action in the premises cannot be reviewed," thus making these general sections of the code applicable to proceedings in the county court. From these later decisions it appears that this court is committed to the proposition that the county court in a term case has the same jurisdiction over a motion for a new trial as is given to the district court; that is, in such case section 610 of the code applies. The question is one of practice. In such case we ought to adhere to

the later decisions. The cases above referred to holding a contrary doctrine are therefore overruled.

In its motion for a new trial in the county court the defendant formally alleged five assignments of error. The first assignment was: "Because said pretended judgment is erroneous, and because the same is not based upon any finding of fact." The second, third and fourth were essentially the same as the first, and the fifth was: "Because said judgment was rendered for an amount greatly in excess of the amount, if anything, due the plaintiff." As there was a general finding for the plaintiff, the first four assignments of error were, of course, unavailing; and as the evidence upon which the judgment was rendered was not preserved in the record in the district court, and the petition was sufficient to support the judgment, that court, of course, could not reverse the judgment on the ground that it was excessive. It follows that the district court erred in vacating the judgment of the county court.

The judgment heretofore entered in this court is therefore vacated, the judgment of the district court is reversed, and the judgment of the county court is affirmed.

JUDGMENT ACCORDINGLY.