S. P. GAINSFORTH, APPELLANT, V. S. C. PETERSON, APPELLEE.

FILED MARCH 19, 1926. No. 24878.

Appeal: FINAL ORDER. A final order of a county court in a proper proceeding to set aside a fraudulent judgment rendered therein at a former term is reviewable by appeal to the district court.

APPEAL from the district court for Keith county: ISAAC J. NISLEY, JUDGE. *Reversed.*

*Beeler, Crosby & Baskins,* for appellant.

*Hoagland & Carr, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

ROSE, J.

This is a proceeding commenced by petition and service of summons in the county court for Keith county to set aside a judgment therein after expiration of the term at which it was rendered. The action in which the assailed judgment was recovered was a term case beyond the jurisdiction of a justice of the peace and within the concurrent jurisdiction of the county court and the district court. The county court refused to vacate its judgment. An appeal

to the district court was dismissed on the ground that a proceeding in error was the sole method of review. The case was brought to the supreme court by appeal from the district court.

The original action in the county court was begun by S. C. Peterson to recover from S. P. Gainsforth a balance of $210.41 on the purchase price of 105.18 tons of hay. The answer to the petition contained the plea that Gains-forth received only 97.68 tons, a part of which was of an inferior grade and three stacks of which were filled with weeds, resulting in damages of $120—the basis of a counter-claim. After expiration of more than three terms of the county court, the case was set for hearing April 15, 1921. On that date Gainsforth did not appear, and judgment was rendered against him for $222.06, including interest.

In the county court the present proceeding was instituted by Gainsforth June 30, 1922, to vacate the judgment at a subsequent term under statutory authority. Comp. St. 1922, secs. 9160-9168. Fraud in setting the original case for trial, in failing to give notice of the hearing, and in procuring the judgment without an opportunity for a defense, the nature of which is shown, seems to be pleaded in the petition as a ground for relief. Is the order of the county court, refusing to set aside its judgment, reviewable by appeal in the district court? Gainsforth argues the affirmative, and Peterson takes the position that a review is limited to a proceeding in error, and that the right of appeal from the county court in a case of this kind does not exist because it has not been expressly conferred by statute.

Under the Constitution and statutes of Nebraska, county courts are courts of record, and "have concurrent jurisdiction with the district court in all civil cases in any sum not exceeding one thousand dollars," with a number of exceptions not applicable to the present controversy. Const., art. V, sec. 16; Comp. St. 1922, sec. 1128. At a subsequent term a district court has statutory power to set aside its own judgment on grounds enumerated by the legislature. Comp. St. 1922, sec. 9160. This power applies to the county

court in term cases.    Comp. St. 1922, sec. 9168; *Oakdale Heat & Light Co. v. Seymour,* 78 Neb. 47, 50; *In re Estate of Kelly,* 103 Neb. 513, 524.    Statutory provisions for setting aside a judgment at a subsequent term of the district court are concurrent with independent equity jurisdiction. *Munro v. Callahan,* 55 Neb. 75; *Van Every v. Sanders,* 69 Neb. 509; *Abbott v. Johnston,* 93 Neb. 726; *Kulhanek v. Kulhanek,* 106 Neb. 595; *Krause v. Long,* 109 Neb. 846.    With the exceptions of enumerated limitations, the Constitution does not prevent the legislature from conferring upon the county court equity jurisdiction.    Power thus conferred upon the county court is not limited to probate matters, and may include functions formerly within the exclusive jurisdiction of courts of chancery.    *Wilson v. Coburn,* 35 Neb. 530; *Glade v. White,* 42 Neb. 336; *Oakdale Heat & Light Co. v. Seymour,* 78 Neb. 47, 50.    Final orders of the district courts in suits in equity and in other civil actions are reviewable by appeal.    Comp. St. 1922, secs. 9137-9141; *Williams v. Miles,* 73 Neb. 193.    In the district court an order vacating a judgment rendered at a former term is appealable.    *Wunrath v. Peoples Furniture & Carpet Co.,* 98 Neb. 342.    In a civil action under the chapter of the statutes relating to county courts, either party may appeal from the judgment "in the same manner as provided by law in cases tried and determined by justices of the peace." Comp. St. 1922, sec. 1160.

It has often been held that county courts have equity jurisdiction incidental to powers properly conferred by statute.    After the term, the vacation of a judgment procured by fraud requires an exercise of chancery power.    In district courts the chancery power to vacate a fraudulent judgment at a subsequent term came from a self-executing provision of the Constitution, as well as from a legislative enactment.    Considered from either source, the authority of a district court to set aside a judgment of its own after expiration of the term at which it was rendered is an attribute of equity.    The nature of this power was not changed when conferred by statute, as it was, upon county

courts. It still remains equitable in its nature, and is invoked in the county court by a formal petition and service of a summons, the whole being equivalent to a suit in equity or a civil action for the purposes of a trial and a reveiw of the resulting judgment. In either aspect appeal is a proper method of review, as distinguished from the right of review by a proceeding in error. It follows that the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.