IN RE ESTATE OF JACOB JENSEN.
DANNEBROG LODGE NO. 216, I. O. O. F., APPELLEE, v. DANIA OLD PEOPLE'S HOME, APPELLANT.
. 283 N. W. 196

FILED JANUARY 6, 1939. No. 30435.

*John M. Berger*, for appellant.

*T. Victor Jorgensen* and *Raymond T. Coffee*, contra.

Heard before ROSE, C. J.; PAINE, CARTER and MESSMORE, JJ., and LANDIS and KROGER, District Judges.

KROGER, District Judge.

On May 25, 1926, one Jacob Jensen, a resident of Douglas county, died testate. His will was duly admitted to probate, and the only provisions thereof that are involved in this proceeding are paragraphs 15 and 16, which are as follows:

"Fifteenth:   One (1) year after my death, pay to Dania Old People's Home, Omaha, Nebraska, if established or operating at that time, One Thousand and Five Hundred Dollars ($1,500.00). If the said Home is not in working order, hold that money for ten (10) years. After that time, pay it to Dannebrog Lodge No. 216, I. O. O. F. Omaha, Nebraska.

"Sixteenth: All the rest and residue of my estate, real, personal, or mixed, of which I shall die seised and possessed, or to which I shall be entitled at the time of my decease, and remaining after the satisfaction of the above bequest and devise and any devise and bequest which may fail for any cause whatsoever, I give, devise and bequeath to Dannebrog Lodge No. 216, I. O. O. F. Omaha, Nebraska."

Frank V. Lawson was appointed administrator with the will annexed and on February 26, 1932, filed his final account and application for discharge. Due notice of this application was given and on March 22, 1932, an order was entered discharging said administrator and directing distribution.

Thereafter and on October 13, 1936, a petition was filed in the county court of Douglas county, Nebraska, in the Jacob Jensen estate by Dannebrog Lodge No. 216, I. O. O. F., the residuary legatee, seeking to have the order of March 22, 1932, set aside and an order entered that the $1,500 mentioned in said paragraph 15 of the will be declared and determined to be the property of said Dannebrog Lodge No. 216, I. O. O. F., alleging that said order was obtained by fraud which was not discovered by the petitioner until May, 1936.

To this petition the administrator and the Dania Old People's Home filed their demurrer, challenging the juris-

diction of the court and the sufficiency of the petition. This demurrer was overruled, and thereupon answers were filed by the administrator and Dania Old People's Home, and on November 17, 1936, the county court of Douglas county entered an order setting aside the order of March 22, 1932, and on November 24, 1936, entered a decree construing paragraph 15 of said will and directing the administrator to deliver and pay to Dannebrog Lodge No. 216, I. O. O. F., the money therein mentioned.

From the action of the county court, an appeal was taken to the district court for Douglas county by the Dania Old People's Home. The petition of appellee was attacked by what was designated a motion for judgment on the pleadings, which was, in effect, a demurrer, and again raised the question of the jurisdiction of the probate court and the sufficiency of the petition, which motion was overruled, and appellant and the administrator filed their answers.

For some reason not disclosed by the record, the case was treated as a law action, a jury was impaneled, trial had, and, at the close of all of the evidence, the court sustained a motion of the appellee to dismiss the appeal. Motion for new trial was filed and, from an order overruling this motion, this appeal is prosecuted.

Numerous errors are assigned, but the contention of appellant may be briefly summarized, as follows:

First, that the jurisdiction of the county court to vacate its decree of March 22, 1932, was limited to a period of two years by section 20-2008, Comp. St. 1929;

Second, that appellee's petition did not state facts sufficient to constitute a cause of action; and

Third, that the evidence of appellee was not sufficient to sustain the allegations of its petition.

The argument that the county court had no jurisdiction to vacate its decree in this case is based on the contention that the county court has only such powers as are given it by statute; that section 20-2001, Comp. St. 1929, provides for the vacation or modification of judgments at a sub-

sequent term upon certain grounds, among which is "Fourth. For fraud practiced by the successful party in obtaining the judgment or order;" that section 20-2008, Comp. St. 1929, provides that proceedings to vacate or modify a judgment or order on account of fraud must be commenced within two years after the judgment was rendered, with certain exceptions not applicable to this case; and that section 20-2009, Comp. St. 1929, makes these provisions applicable to supreme and county courts.

This court has, however, held that the statute enumerating grounds upon which a judgment may be vacated after term does not provide an exclusive remedy, but such grounds are concurrent with independent equity jurisdiction. *Pavlik v. Burns*, 134 Neb. 175, 278 N. W. 149; *Howard Stove & Furnace Co. v. Rudolf*, 128 Neb. 665, 260 N. W. 189.

In the case of *In re Estate of Kelly*, 103 Neb. 524, 175 N. W. 653, this court held that, since the county court has exclusive original jurisdiction in probate matters, it has ample power to set aside probate decrees procured by fraud, independent of statute, citing *Genau v. Abbott*, 68 Neb. 117, 93 N. W. 942, and *Youngson v. Bond*, 69 Neb. 356, 95 N. W. 700. Again, in *Gainsforth v. Peterson*, 114 Neb. 442, 207 N. W. 935, it was held that county courts have equity jurisdiction incidental to powers properly conferred by statute.

Since the decree attacked in this case was entered in a probate matter, the county court had jurisdiction to entertain an action to vacate said decree even though such proceedings were equitable in their nature and not brought within the time fixed by statute.

Appellant's second contention is that the petition of appellee did not state facts sufficient to constitute a cause of action. In the petition it is alleged that fraud had been practiced upon one William Jorgensen, purporting to represent the appellee, as a result of which Jorgensen was induced to approve the decree. The specific fraud alleged is that the administrator, by filing with the court a receipt therefor, represented to the probate court that he had turned over to the Dania Old People's Home the legacy

provided for in paragraph 15 of said will, whereas, in truth and in fact, he had not done so, but had entered into an agreement with said William Jorgensen, by the terms of which he agreed to hold said money for a period of ten years and, at the end of that time, turn it over to the Dannebrog Lodge No. 216, I. O. O. F., if the Dania Old People's Home was not at that time completed and in working order.

While the petition alleges that the fraud was practiced on William Jorgensen, the only fraud pleaded is fraud upon the court, and the petition, on its face, shows that Jorgensen at all times knew the true facts, and there is no showing in the petition why the action was not brought within the statutory period of two years. Under the circumstances, the petition did not state a cause of action and the demurrer should have been sustained. See *Brandeen v. Beale*, 117 Neb. 291, 220 N. W. 298.

When, in connection with the third assignment of error, we examine the record to ascertain what the evidence on behalf of petitioner discloses, we find that the only evidence bearing on fraud offered by appellee was the testimony of William Jorgensen, and his testimony is that, at the time the decree of March, 1932, was entered, he knew all of the facts in connection therewith, knew that the administrator had not paid the money to the Dania Old People's Home, and knew that the administrator had entered into an agreement with representatives of the Dania Old People's Home and William Jorgensen, as representative of Dannebrog Lodge No. 216, I. O. O. F., to close the estate at that time in order to save the premium on the administrator's bond. According to this agreement, the administrator was to hold the money until the expiration of ten years from the death of testator, at which time the money was to be turned into court to be disposed of as the court should direct. The receipt obtained from the Dania Old People's Home was for the purpose of closing the estate, and the interested parties all knew that the money had not actually been paid over to said home.

That William Jorgensen had the authority to represent the petitioner is clearly shown by power of attorney given him by Dannebrog Lodge No. 216, I.O.O.F., under date of March 20, 1931, and any agreement entered into by said William Jorgensen would be binding on the appellee.

The evidence falls far short of supporting the allegations of appellee's petition. There was no fraud practiced on any one. On the contrary, all of the parties seem to have acted in good faith with a desire to avoid unnecessary expense. The Dania Old People's Home and the residuary legatee were the only parties interested in the $1,500 legacy. They had a perfect right to agree between themselves for a disposition of the legacy other than that stipulated in the will. 69 C. J. 1274; *In re Murphy's Estate,* 217 Ia. 1291, 252 N. W. 523. So far as the evidence in this case discloses, they did not go that far. According to the evidence, they agreed that, instead of holding this money as administrator, Frank V. Lawson was to hold the money as trustee for the stipulated period and at the end of that time, if the parties could not agree upon its disposition, it was to be paid out as the court might direct.

An examination of the entire record discloses that there was no fraud committed by any one, hence there was no occasion for invoking the equity powers of the county court.

The judgment of the district court is reversed and the cause remanded, with directions to enter a judgment reversing the judgment of the county court and directing that the action be dismissed.

REVERSED.