## P. L. BAKER, *et al.*, v. HERMAN KNICKERBOCKER.

JUSTICE, *Refusal of to Set Aside Judgment, not Error.* Where a justice of the peace renders judgment against two defendants in their absence, and afterward, but within ten days, their attorney appears, confesses judgment for costs, moves to set aside the judgment, and files an affidavit which reads as follows: "Comes now J. G. B., attorney for defendants, and being duly sworn according to law says, that he is attorney for defendants; that they have a just and valid defense to the whole of plaintiff's claim," and it is not shown why the defendants do not make the affidavit, or what their defense is, or that the attorney making the affidavit is acquainted with the facts, and the justice overrules the motion, *held,* not error.

### *Error from Pawnee District Court.*

ACTION brought before a justice of the peace by *Knickerbocker* against *Baker* and another, upon a promissory note. Judgment for plaintiff, January 26, 1880, for $208.08. The

defendants, by petition in error, took the case to the district court, and therein, at the June Term, 1880, the ruling of the justice was sustained. The defendants bring the case here. The opinion states the facts.

*Nelson Adams*, for plaintiffs in error.

The opinion of the court was delivered by

VALENTINE, J.: Knickerbocker brought suit in a justice's court, and recovered judgment against Baker & Pruett for $208.08, in their absence. Within ten days from the rendition of the judgment, Baker & Pruett, by their attorney, confessed judgment for all costs in said cause, in writing, made affidavit of full and complete defense to the action, and filed a motion to set aside said judgment under § 114, ch. 81, Comp. Laws of 1879. The justice refused to set aside said judgment. Baker & Pruett then took the case to the district court on error, and there the ruling of the justice was sustained; and they now bring the cause here for review.

Counsel for plaintiffs in error says that the only question to be determined in the case is, can an attorney make the motion and affidavit, and confess judgment for costs, as is contemplated in § 114, ch. 81, Comp. Laws of 1879?

It may be admitted that an attorney can in some cases do all of this; but the real question as presented in this case is somewhat narrower. Admitting for the purposes of this case that the attorney had the right to make the motion as he did, and to confess the judgment as he did, and also admitting for the purposes of the case that under some circumstances the attorney might make the affidavit, the question then arises, could he do so under the circumstances of this case? or, in other words, was the affidavit, made by the attorney in the present case and under the circumstances of the present case, sufficient? The affidavit reads as follows: "Comes now J. G. Bright, attorney for defendants, and being duly sworn according to law, says that he is attorney for defendants, and

19—25 KAS.

that they have a just and valid defense to the whole of the plaintiff's claim."

The statute under which this affidavit and the motion were made reads as follows:

"When judgment shall have been rendered against a defendant, in his absence, the same may be set aside upon the following conditions: *First,* That his motion be made within ten days after such judgment was entered. *Second,* That he pays or confesses judgment for the costs awarded against him. *Third,* That he file an affidavit that he has a just and valid defense to the whole, or some part, of the plaintiff's claim. *Fourth,* That he notifies, in writing, the opposite party, his agent or attorney, or causes it to be done, of the opening of such judgment, and of the time and place of trial, at least five days before the time, if the party resides in the county, and if he be not a resident of the county, by leaving a written notice thereof at the office of the justice, ten days before the trial." (Comp. Laws of 1879, p. 719, § 114.)

It will be seen that this statute does not expressly, or in terms, authorize the attorney to make the affidavit; while many of the other statutes, requiring affidavits for other purposes and in other cases, do, in express terms, authorize an attorney to make the affidavit. Thus, in the verification of pleadings, the statute expressly authorizes the pleading to "be verified by the affidavit of the party, his agent or *attorney.*" (Civil Code, § 108.) Also, see the statute with reference 'to arrest and bail in civil cases. (Civil Code, § 148; Justices' Code, § 18.) Also affidavits in replevin. (Civil Code, § 177; Justices' Code, § 56.) And in attachment. (Civil Code, § 191; Justices' Code, § 28.) And in garnishment. (Civil Code, § 200; Justices' Code, § 37; Comp. Laws of 1879, p. 711, § 54*a*.) And in attachments on claims not due. (Civil Code, § 231.) And for injunctions. (Civil Code § 239.) And in proceedings in aid of execution. (Civil Code, § 483; Justices' Code, § 155.) And for executions against the person. (Civil Code, § 507; Justices' Code, § 26.) It will also be seen in § 114, above quoted, that where a notice to a party

is authorized to be served upon his attorney, the statute *expressly* authorizes the same to be done. It says: "*Fourth*, That he notifies, in writing, the opposite party, his agent or *attorney*, or causes it to be done." It does not leave the question of the sufficiency of service upon the attorney open for inference or implication: it settles it in express words. Generally, of course, the affidavit in cases of this kind should be made by the defendant himself, or by some one of the defendants; for generally, a defendant knows the facts of his defense better than any other person does or can know them; and every lawyer knows that an attorney at law cannot make an affidavit, *as* an attorney at law. Making affidavits for clients does not constitute any portion of a lawyer's professional duties. A corporation should make the affidavit by some one of its members or officers. And probably in all cases the affidavit should be made by some person who has some knowledge of the facts constituting the defense. Where the affidavit is made by some person other than the defendant, the reason why the defendant does not make the affidavit should be shown, and the person making the affidavit ought, also, to show that he is acquainted with the facts constituting the defense. It is possible that even then the affidavit of the defendant cannot be dispensed with, provided it is possible for the defendant to make the affidavit. It is evident that the statute does not contemplate that the affidavit shall be made by any person except the defendant.

In the present case the affidavit, as an affidavit by a person other than the defendant, is very defective. It does not state, nor is it shown in the case, what the facts are which constitute the defense. It does not state, nor is it shown in the case, that the affiant has any knowledge of such facts; and it does not state, nor is it shown in the case, why one of the defendants did not make the affidavit. Whether either of the defendants was present or not, when the affidavit was made or filed, is not shown. Both of them, from anything appearing in the record, may have been present; and both may have

been cognizant of the justice's proceedings when he overruled their motion to open up the judgment.

The judgment of the court below will be affirmed.

All the Justices concurring.