## A. F. MOORE v. TOBIAS TOENNISSON.

1. JUSTICE OF THE PEACE, *Appeal from.* Where a party commences an action before a justice of the peace, and after costs have been made by both parties the case is called for trial, and the plaintiff failing to appear his action is dismissed without prejudice and a judgment rendered against him for costs, *held,* that thereby there is a final determination of that action, from which the plaintiff may take his appeal to the district court.

2. APPEAL *From a Justice.* Where an action is commenced before a justice of the peace, which action is tried by a jury, and the jury failing to agree

are discharged, and thereafter the case goes to judgment through the determination of the court and without any further hearing before a jury, *held*, that the party against whom the judgment was rendered is not debarred from his appeal to the district court by the fact that neither party claims more than $20 in his bill of particulars.

3. RETAXING COSTS; *Practice.* Where a motion is made in the district court to retax costs, *held*, that such ruling will not be reviewed in this court on a general allegation of error, but only as to those items of cost which plaintiff in error specially challenges as illegal, and gives reasons for their alleged illegality.

4. WITNESS FEES; *Presumption.* Where a transcript shows that the witnesses' fees are itemized to the extent of showing what each witness is allowed, and a motion to retax such fees is overruled, *held*, that it will be presumed in this court, in the absence of any testimony, that there was a sufficient showing made to the district court to warrant the allowance to each witness of his fees.

### *Error from Brown District Court.*

AT the January Term, 1882, of the district court, plaintiff *Toennisson* recovered a judgment against defendant *Moore*, who brings the case here. The opinion states the facts.

*C. W. Johnson*, for plaintiff in error.

The opinion of the court was delivered by

BREWER, J.: Defendant in error, plaintiff below, brought his action before a justice of the peace against plaintiff in error (defendant below), to recover the sum of $12.60. Defendant set up in his bill of particulars a claim of $35.60. The justice ruled that only the amount of plaintiff's claim, to wit, $12.60, was available to defendant in his set-off. Upon these respective claims the case was tried before a jury, which failed to agree. Thereupon defendant filed his affidavit, and obtained a change of venue to another township and before another justice. When the case was called for trial before this justice, the plaintiff failed to appear, and after waiting an hour the action was dismissed without prejudice to a new action, and judgment entered against the plaintiff for costs. Thereafter, plaintiff filed his appeal bond and took the case to the district court. When the case was called in

that court, the defendant moved to dismiss the appeal, on the ground that there was no appealable judgment rendered in the court below, and also because the case had been tried by a jury, and the amount of recovery was less than $20. This motion was overruled, and this is the principal error complained of. Plaintiff cites several authorities under the old practice, to the effect that an order of dismissal is not an appealable order; but those authorities are not in point in this case, and for these reasons: The statute (Comp. Laws 1879, p. 720, § 120) allows appeal in all cases not otherwise specially provided for by law, from the final judgment of any justice of the peace. The code (Comp. Laws 1879, p. 653, § 395) declares that a judgment is the final determination of the rights of the parties in an action. Now this action is finally determined, and all rights of either party therein adjudicated, by the dismissal without prejudice in the absence of the plaintiff. Such a disposition is specially provided for in the article of the code concerning judgments, (Comp. Laws 1879, p. 653, § 397,) and also in the justices' act, (Comp. Laws 1879, p. 719, § 113.) Whatever future rights of action plaintiff may have, that action is finally determined. Not only was it finally determined, but also a formal judgment for costs in behalf of the defendant was entered by the justice, and this judgment the plaintiff had a right to take to the district court upon appeal. As the jury did not agree, and no verdict was rendered, and no judgment entered upon any verdict, the limitation provided in § 132, Comp. Laws 1879, p. 721, has no application. That section applies only when the judgment before the justice is rendered as the result of a jury trial, and not to cases in which a jury disagree and the judgment is rendered by the independent action of the court. Further than that, the defendant in his bill of particulars claimed more than $20, although the justice considered the claim good for only $12.60. Another ground stated in the motion to dismiss the appeal was, that the appeal bond was insufficient, but no defect is pointed out by counsel in his brief, and none is obvious.

After judgment had been rendered in the district court in favor of the plaintiff, defendant filed a motion to retax costs, which was sustained in part, and overruled in part. This ruling defendant also complains of, and asks this court to retax the costs. As to the ruling of the district court upon such a motion, we remark generally, that we shall not examine the different items of fees to see whether they are proper, but shall consider only such fees as the plaintiff in error specially challenges as illegal, and shows wherein he claims them to be wrong. The general statement that they are improperly taxed presents nothing which we deem it our duty to examine and consider. We only consider errors that are specifically pointed out, and the reasons therefor given by counsel.

As to the witness fees, we remark that they are itemized in the transcript from the justice's docket, and we must presume that on the motion for retaxation it was sufficiently shown to the district court that each of such witnesses was entitled to the amount allowed him. We are not to presume in the absence of all the testimony, that more was allowed than such testimony showed was proper.

It is further insisted that there was error in rendering judgment against the defendant for all the costs before the two justices, on the ground that when he took his change of venue before the first, he had confessed judgment for costs taxed there. This we think an immaterial error, if error it be, for when the fees are once paid, the claims of the several parties thereto are satisfied, and any attempt to collect them a second time would be promptly restrained.

Upon the whole record we see no error justifying interference by this court, and the judgment will therefore be affirmed.

All the Justices concurring.