## THOMPSON *v.* OGLE.

Decided November 14, 1891.

1.  *Exemption—Failure to claim on account of death—Right of widow.*
    A judgment debtor, after giving notice of his intention to claim as exempt a mule levied upon under execution, died before he could establish his claim, leaving a widow and personal property, including the mule, worth less than $300, the amount the widow was entitled to retain. At the sale the widow gave notice of her intention to claim the mule. In an action of replevin by the widow against the execution-purchaser for possession of the mule, *held*, she was entitled to recover.

2.  *Justice—Jurisdiction—Equitable doctrines.*
    While a justice of the peace has no jurisdiction to administer equitable relief, he may, in a replevin case within his jurisdiction, determine the plaintiff's rights, whether depending upon legal or equitable principles.

APPEAL from *Izard* Circuit Court.
RICHARD H. POWELL, Judge.

Mrs. W. L. P. Ogle brought suit in replevin against J. Z. Thompson, before a justice of the peace, February 23, 1889, to recover a mule worth $80, and obtained judgment, from which Thompson appealed to the circuit court.

The cause was submitted to the court, sitting as a jury, on an agreed statement of facts, as follows : That Sanders & Ford, a mercantile firm, obtained a valid judgment in the court of a justice of the peace against S. T. Ogle, husband of the plaintiff, on a debt due by contract, not for the purchase price of the mule in controversy; that on the 11th of February, 1889, a valid execution was issued thereon against the goods and chattels of said S. T. Ogle, placed in the hands of the constable of the township, and levied on the mule in controversy; that, on the day the property was advertised for sale, Ogle gave notice of his intention to claim his exemptions, according to law, on the 18th day of February, 1889; that, on the 14th day of February, 1889, said S. T. Ogle died, leaving his widow, the plaintiff, and five minor children him surviving. On the 23d day of February, 1889, the constable, pursuant to the advertisement, exposed the

mule for sale, and defendant, being the highest bidder, bought the mule for $45.

It was further agreed that said S. T. Ogle was a resident of the State, a married man and the head of a family, and that his entire personal estate did not exceed in value $300; that no step, except the giving of the notice, was taken to perfect the claim of the exemption of said S. T. Ogle; that plaintiff herein appeared at the sale, objected to the same, and gave notice that she claimed ·the mule as the widow of said S. T. Ogle; and that, within thirty days after the death of said Ogle, she had an appraisement made of his property, including said mule, and ·filed the same in the office of the clerk of the probate court of the county. This was all the evidence.

From a judgment in plaintiff's favor defendant has appealed.

*S. W. Woods* and *Sam H. Davidson* for appellant.

1. All personal property is subject to execution unless scheduled in proper way and supersedeas issued. Mansf. Digest, secs. 3001, 3006, 4128, 597; 52 Ark., 547.

2. Where the judgment, execution and levy are all regular and valid, and the lien attached before the death of the execution defendant, the sale may be had after his death, and the sale will cut off all claim to dower. 14 Ark., 57; 18 *id.*, 415, 421; 19 *id.*, 377; 31 *id.*, 392; 45 *id.*, 267; 41 *id.*, 372; see also Mansf. Dig., secs. 3, 4, 2571, 2591; acts 1887, p. 207.

*John H. Woods* for appellee.

*Prima facie* all property is subject to execution. And if Ogle had lived, he could not have retained the mule except by a proper schedule, under section 3006, Mansfield's Digest. But on his death his estate, being less than $300, vested absolutely in his widow. Acts 1887, p. 207; 33 Ark., 824. The act should be liberally construed. 25 Ark., 101; 7 Am. & E. Enc. of Law, 130. The case in 14 Ark., 58, arose before our exemption laws and the act of 1887 were enacted,

and the levy was upon property which the debtor could not hold by exemption.

HEMINGWAY, J.   The rule is that a sale under execution concludes the right of a debtor to hold personal property exempt. The question in this case is, whether the rule is universal, and if not, when it admits exceptions.   There is a similar general rule, that a judgment is conclusive against a party as to all matters adjudicated against him; but this rule recognizes exceptions in cases where, without fault on his part, a prejudicial adjudication has been obtained by means of fraud, accident or mistake.   *Lee* v. *Armor*, 35 Ark., 123; *State* v. *Hill*, 50 Ark., 458.   If the conclusive effect of solemn judgments yields to proof that they were obtained by either of these means, should not the usual effect of a sale under execution yield in the same way to similar proof?

The question seems to have arisen but few times since exemption rights were conferred by law.   Mr. Thompson, in his treatise, refers to the fact that such a case might arise, but indicates no opinion as to the law that would govern it. Thomp. on Home. & Ex., sec. 830.   In a case in which the defendant failed to claim his exemptions before sale, on account of absence in attendance upon a sick family, the Supreme Court of California held that the sale was no bar to his claim.   *Haswell* v. *Parsons*, 15 Cal., 266.   And this court held that a sale did not divest a debtor's homestead where the failure to claim it before sale was occasioned by the fraud of the plaintiff.   *Carter* v. *Jennings*, 53 Ark., 242.

If a failure to make the claim in proper time may be excused for fraud, upon like principle it would, we think, be excused for unavoidable accident or mistake.   In this case the debtor did everything in his power to assert his constitutional rights in the manner provided by the statute.   On the day of the levy he gave notice of his intention to claim his exemptions; he could do nothing more until after a lapse of five days; and within that time he died.

He was still the owner of the property, subject to a de-

1. When right of exemption not barred by failure to claim.

feasible lien which he was proceeding to displace when prevented by his death. As he left a widow and personal estate, including the mule, worth less than $300, it passed to her. Acts 1887, p. 207. She could not prevent the sale by filing the schedule and obtaining a supersedeas, for this remedy is provided for the debtor only. But she did all that she could do to assert her rights and hold the property, and all that it was necessary to do to protect the judgment creditor as well as bidders at the execution sale, by giving notice at the sale of her rights and intention to assert them. When the policy of the law is considered, it cannot be held that she forfeited its benefits because she did no more.

2. Jurisdiction of justice.    Although the justice had no jurisdiction to administer relief strictly equitable, he had jurisdiction of the action to recover the mule, and was authorized to determine the plaintiff's claim, whether depending upon legal or equitable principles. *Whitesides* v. *Kershaw*, 44 Ark., 377.

Affirm.