GRAHAM vs STOWE, U. S. MARSHAL

Opinion delivered March 26, 1896.

*Civil Suits—Where Triable—Residence of Defendant.*

Act of Congress March 1, 1895, providing "All civil suits shall be brought in the district in which the defendant or defendants reside, and in the court nearest to his residence," is merely directory, and not jurisdictional, and if a case is brought in a court not nearest to the place of defendant's residence, the court is not authorized or required to dismiss the suit for want of jurisdiction, but shall change the place of trial to the court nearest defendant's residence.

Appeal from the United States court for the Southern District.

C. B. KILGORE, Judge.

Suit against L. L. Stowe, as United States Marshal,

and his sureties, on his official bond. Judgment dismissing the action. Plaintiff appeals. Reversed.

L. L. Stowe was United States marshal for the Southern district of the Indian Territory, and entered into the bond required of like officers under section 783, Rev. St, U. S., and, acting under such officer under a writ of attachment directed to the United States marshal for the Southern district of the Indian territory, commanding him to levy upon and seize the property of Shaw & Bryant, levied upon and seized the property of A. C. Graham. Graham brings his action in the court at Purcell for damages against the marshal and his sureties on his official bond, alleging a breach of conditions, etc., as allowed by section 784, Rev. St. U. S. Defendants filed a plea to the jurisdiction of the court, claiming that they were not sued "in the court nearest their place of residence." This plea was overruled by the court, and the defendants filed a general demurrer and answer to the merits of plaintiff's cause of action. Afterwards the court, of its own motion, rescinded its order overruling the plea to the jurisdiction, and entered an order sustaining the plea, which order and action of the court plaintiff assigns as error, and files his petition for writ of error in this court.

*J. W. Hocker* and *Zol J. Woods*, for appellant.

*W. A. Ledbetter* and *S. T. Bledsoe*, for appellees.

SPRINGER, C. J. This case turns upon the construction to be given to section 7 of the act of congress approved March 1, 1895, entitled "An act to provide for additional United States judges for the Indian Territory and for other purposes." The portion of the section applicable to this case is as follows: "All civil suits should be brought in the

district in which the defendant or defendants reside or may be found; but if there are two or more defendants residing in different districts the action may be brought in any district in which either of the defendants may reside or be found; and, if a resident, in the court nearest his residence. All cases shall be tried in the court to which the process is returnable unless a change of venue is allowed, in which case the court shall change the venue to the nearest place of holding court within the district, and any civil cause may be removed to another district for trial if the court shall so order, on the application of either party." This provision must be construed in connection with the previous acts of congress applicable to the Indian Territory. The act of May 2, 1890, put in force in the Indian Territory certain statutes of the state of Arkansas, contained in Mansfield's Digest. Among other things, the act of May 2, provided that whenever, in the statutes of Arkansas, the word "county" occurred, the words "judicial division" should be substituted therefor. This act constituted each judicial division or district in the Indian Territory a county, for the purpose of defining jurisdictional limits.

Jurisdiction cannot be conferred upon a court by consent of parties, or by order of court. It must be conferred by law, and the geographical limits within which jurisdiction may be exercised are always definite and capable of exact ascertainment. The geographical lines of a court's jurisdiction are not the subject of measurement, to be ascertained by the court in each case, as a question of fact. The United States court in the Indian Territory is divided into three districts. The lines of these districts are fixed by law, and are susceptible of exact ascertainment in all cases, and the court in each district has jurisdiction to hear and determine all cases cognizable in the district, at any one of the places for holding court. There are no subdivisions in the

district prescribed by law, within which process is returnable to a particular place of holding court. The jurisdictional lines are the outer boundaries of the judicial district. Inside of those lines, the law has prescribed no other lines which mark or limit the jurisdiction of the court. If, for the purpose of obtaining jurisdiction, a suit must be brought against the defendant "in the court nearest his residence," in the judicial district, how is the court to determine the fact? Should the court be nearest to defendant's residence on a straight line, or by the route usually traveled? And suppose the defendant lives so nearly equidistant from two places of holding court that it is impossible to determine the fact without the use of the surveyor's chain. And suppose the defendant's surveyor found the distance to be a given number of miles, and the plaintiff's should reach a different conclusion. And suppose the court should act upon the information before it, and take jurisdiction of a case, and it should be ascertained afterwards that the defendant resided nearer another place for holding court. These questions will serve to point out the great difficulty and embarrassment to which the court would be subjected if it has no jurisdiction to hear and determine a case against a defendant unless it is brought in the court in the district nearest his residence. The words "in the court nearest his residence" are merely directory, and not jurisdictional, for the conclusive reason that no jurisdictional lines had been established between the different places of holding court in the district. All the places for holding court were located in one jurisdiction. The words which follow are conclusive on this point: "All cases shall be tried in the court to which the process is returnable, unless a change of venue is allowed, in which case the court shall change the venue to the nearest place of holding court within the district." Nearest to what? Evidently nearest to the place of defendant's residence. The word "venue," used in this connection, evidently means "the place

*Court nearest residence.*

of trial." If a case should be brought in a court which was not nearest to the place of the defendant's residence, the court is authorized to change the place of trial to the court nearest defendant's residence, but the court is not authorized or required to dismiss the suit for want of jurisdiction. The portion of the act last quoted means this, or it means nothing, and is surplusage. It is a well established rule of construction that effect should be given to every part of a statute, if it can possibly be done. The change of venue referred to is not the ordinary change of venue allowed on account of the prejudice of the people, or the incompetency of the judge. If so, the court would not be required to "change the venue to the nearest place of holding court in the district." The prejudice of the people, or the incompetency of the judge, might be the same at both places. The only object to be secured by the change contemplated in this sentence is to bring the trial of the case to the court nearest the defendant's residence. That object is secured by transferring the case to the court nearest defendant's residence, and not by dismissing the suit for want of jurisdiction, and thus requiring the plaintiff to find out, at his peril, the court which is nearest the residence of the defendant, and to bring his suit in that court. The judgment of the court below, sustaining the plea in abatement, and dismissing the suit for want of jurisdiction, is reversed, and the case remanded to the court at Purcell, at which place the case may be tried, or at any other place in the Southern district to which the court may, in its discretion, transfer the same for trial. Reversed and remanded.

LEWIS, J. (concurring.) A part of section 7 of the act of 1895 is ambiguous, in this: that it raises the question whether the clause, "and if a resident in the court nearest to his residence," qualifies both clauses preceding it, or only the second. If both, then a single defendant should be sued

<div style="margin-text">Statute directory,</div>

in the district of his residence, and in the court thereof near-
est his residence.  If the second only, then a single defend-
ant may be sued in the district of his residence, and in any
court therein. But, if there are different defendants residing
in different districts, suit should be instituted in any district
in which a defendant resides, and in the court of the district
nearest the residence of the defendant residing therein.  In
resolving this ambiguity, weight may be properly given to
the course of congressional legislation in similar cases.  In
the Revised Statutes of the United States (section 740,) it is
provided that, when a state contains more than one district,
every suit, not of a local nature, in the Circuit or District
Courts thereof, against a single defendant, an inhabitant of
such state, must be brought in the district where the defend-
ant resides, but, if there are two or more defendants resid-
ing in different districts, it may be brought in either district.
By section 744 it is provided that, in the district of Iowa, all
suits, not of a local nature, in the District Court against a
single defendant, an inhabitant of the state, must be brought
in the division of the district where he resides; but, if there
are two or more defendants residing in different divisions of
the district, such suits may be brought in either division. By
section 745 it was made the duty of the clerks in the District
Courts of Kentucky, upon issuing original process in civil
cases, to make it returnable to the court nearest to the county
of the resident defendant, or of that defendant whose county
is nearest a court, if he had information sufficient, and to im-
mediately send the papers to the clerk of the court to which
the process was made returnable, and that the defendant
might, on motion, on or before the calling of the cause, have
it transferred to the court to which it should have been sent
had the clerk known the residence of the defendant.   It will
be observed that in the Iowa district it was required that the
defendant be sued in the division of the district in which he
resided.   Since 1878, congress has made divisions in judicial

**Suit not brought in nearest court will not be dismissed.**

districts in Ohio, Michigan, Mississippi, Tennessee, and Texas. In each case it has required that a single defendant should be sued in the division of his residence. This uniform and unbroken manifestation of the legislative will in like cases should determine the construction in the present case, in which the language used makes two interpretations possible. I therefore conclude that in this jurisdiction a defendant resident in a district has the privilege of being sued therein in the court nearest his residence. Is this requirement jurisdictional? In every instance in which congress has made a division of a judicial district, it has defined the exact boundaries of the divisions, usually by including in them counties by name. But once before, so far as I have found, has it made divisions of a district without prescribing the geographical limits of such divisions. In the case of the Kentucky district it conferred the privilege upon a single defendant of being sued in the court nearest his residence, but this privilege clearly was not jurisdictional. I concur with the chief justice in the view that, in the act under consideration, the requirement that the defendant should be sued in the court nearest his residence is directory, and not jurisdictional; that he may, like defendants in the Kentucky district, upon proof of his residence to the court, have the action transferred to the proper place for trial, but he cannot, upon this ground, obtain a dismissal of the suit for want of jurisdiction. In the incomplete condition of the survey in this country, it would frequently be impossible without measurement to determine to which of the court points a defendant's residence was nearest. To hold that a plaintiff who desired, for instance, to attach property of a defendant upon the ground that he was removing it from the jurisdiction of the court, must first determine, if need be by actual measurement, the point to which the defendant was nearest, and then be subject to the risk of having his action dismissed because more accurate surveyors, or better instruments,

showed the court of suit not to be nearest defendant's resi-
dence, and therefore not to have jurisdiction, is to impute a
purpose to congress productive of hardship to litigants, by
no means clearly deducible from the text of the act, and
opposed to the legislative enactments in similar cases. Upon
these grounds I concur in the result announced by the chief
justice—that the judgment should be reversed and the cause
remanded—but, except as herein indicated, I do not assent
to the reasoning in his opinion; and, in my judgment, the
trial court should, if objection to proceeding in the court at
Purcell is not withdrawn, transfer the cause to some court
nearest the residence of some one of the defendants.