PURCELL WHOLESALE GROCERY CO. vs BRYANT.
Opinion delivered October 27, 1906.
89 S. W. Rep. 662.

1. *Fraudulent Conveyances—Evidence Considered.*

Where appellee purchased a stock of goods in good faith from a merchant who was largely indebted, paying about the value of the stock in cash, the money so received being used to pay the indebtedness of the appellee's vendor, as far as it went, and appellee showed from his purchase he had the right of possession and ownership in and to the stock of goods, a finding that said sale was not fraudulent as against the merchant's creditors is sustained by the evidence.

2. *Fraudulent Conveyance—Instruction—Burden of Proof—Evidence Considered.*

It is not error for the court to refuse to instruct that; "If the jury find from the evidence that Mr. Bryant (appellee), at the time he

purchased these goods, knew that the seller was in an insolvent condition, and he purchased the goods and paid his money, that it is a fraudulent transaction, and that they will find for the defendant unless Mr. Bryant undertook to see that the money he was paying to the vendor was applied to the payment of his debt." Where the Court's charge shows that the court said to the jury that though the sale may be fraudulent on the part of the vendor and made to defraud his creditors, the purchaser cannot be affected by the fraud unless he had knowledge of the fraud or participated in with such knowledge as would put the ordinary man upon inquiry, and further the accomplishment of such design. That it is not sufficient to justify a finding of fraud to show that the vendor at the time of the sale was indebted and did not intend to apply the money so received to the payment of his debts. The sale to be void as to creditors must be made with the intent to hinder, delay or defraud them in which the purchaser must participate by purchasing with a view to abet the fraudulent design. That fraud must be proved. Mere suspicions leading to no certain result is insufficient to establish it. The burden is upon the party who attacks a conveyance on the ground that it was made to defraud creditors, to show that if it had not been made the goods would have been liable to sale upon execution. This covers the same ground as the instruction asked by the appellant, merely saying the same thing in a different way, and it is not incumbent upon the court to state the propositions of law to the jury in the exact words requested, provided the substance is given.

3.   *Venue—Change of.*

When the appellants came into court to defend as the real owners the suit having been first instituted against the United States Marshal, and moved to transfer the cause to appellant's and appellee's place of business, appellants were entirely within their statutory rights. The statute controlling is Section 7, C. 145, Act of March 1, 1895, (28 Stat. 697).

4.   *Venue—Prejudice.*

Where there is nothing in the record to show that appellants could not and did not have as fair trial in their cause of action at the place where the change of venue was taken, over their objection, that the residents of the latter place were more prejudiced against the appellants than the residents of the place where the suit was instituted, that the costs at the latter place were more than they

would have been at the former, it was not an abuse of discretion to grant the application for a change of venue.

Appeal from the United States Court for the Southern District of the Indian Territory; before Justice Hosea Townsend, May 20, 1903.

Action by F. M. Bryant against John S. Hammer, in which the Purcell Wholesale Grocery Company intervened, as the real party in interest. From a judgment in favor of plaintiff, defendant grocery company appeals. Affirmed. ·

This is an action in replevin for the possession of a stock of groceries agreed to be of the value of $300, by the parties. Up to February 20, 1901, one Baldwin had been running a grocery business in Purcell, and owing appellants about $242 for groceries, and was indebted in other sums; the whole aggregating about $700. On February 20, 1901, Baldwin made a sale of said stock of goods to F. M. Bryant, appellee. On February 23, 1901, appellants sued Baldwin for $242, and attached the said stock of goods which invoiced $311.86, and later at the ensuing March term of court at Purcell appellants took judgment against Baldwin for his debt; the attachment being sustained. On February 28, 1901, while said goods were in possession and under control of United States marshal by virtue of the attachment aforesaid, Bryant, the appellee, commenced action in replevin for said goods in the United States Court at Ardmore against Hammer as United States marshal, claiming the same as his property by virtue of his purchase on February 20, 1901, from Baldwin, and on March 4th, having made bond, appellee took possession of said stock of goods. On April 15th, by order of the court at Ardmore, appellants came into said replevin cause as the real party in interest, and on said date the replevin action was ordered, on motion of the appellants, transferred to the United States Court at Purcell for trial, and on said day appellant filed its answer. On November 18th, 1901, the court, on its own motion, ordered said cause to be

retransferred to the court at Ardmore, and the same was thereupon sent back to Ardmore for trial, and on February 7, 1902, appellant filed its motion to dismiss that action for want of jurisdiction of said court at Ardmore, which was by said court overruled, and appellants excepted. Thereafter a trial to a jury was had with a verdict in favor of appellee. On motion for new trial the same was sustained and new trial granted. On December 23, 1902, appellants filed plea to the jurisdiction of the court which was overruled and exception taken. On May 20, 1903, at Ardmore, said cause was again tried to a jury resulting in favor of appellee, and in due time motion for new trial was filed, overruled, and exceptions taken. Appellants bring said cause to this court for a review of error stated.

*Geo. M. Miller* and *Cruce & Cruce*, for appellants.

*Eddleman & Graham* and *J. W. Hocker*, for appellee.

GILL, J. (after stating the facts). Three errors are complained of by appellants, although they fail to set them out in their assignment. Appellee has filed a motion to dismiss the appeal: First. Because appellants have filed no specifications of error. Second. Because appellants did not comply with the order of the court reinstating the cause and filing their record and brief within the time allowed; the record having been corrected on certiorari, and the correction showing that the objections to the record are invalid, the motion to dismiss the appeal is overruled.

The first error complained of is that the verdict is contrary to the evidence. An examination of the evidence shows that the purchase made by Bryant from Baldwin was made in good faith so far as Bryant, appellee, was concerned. He paid for the stock $300 in cash, which was about the value

7

thereof. This money was used in the payment of debts of Baldwin so far as it went, and appellee showed that from his purchase he had the right of possession and ownership in and to the stock of goods, and the verdict of the jury sustained such ownership, and judgment of the court thereof in favor of appellee must be sustained by this court in view of the evidence.

The second assignment complained of is the failure of the court to charge the jury as follows: "If the jury find from the evidence that Mr. Bryant, at the time he purchased these goods, knew that the seller was in an insolvent condition, and he purchased the goods and paid him money, that it is a fraudulent transaction, and that they will find for the defendant, unless Mr. Bryant undertook to see that the money he was paying to the vendor was applied to the payment of his debt." An examination of the court's charge shows that the court said to the jury: "Though a sale of property be fraudulent on the part of the vendor, and be made to defraud his creditors, the purchaser cannot be affected by the fraud, unless he participated in it with a knowledge of the fraudulent design, or with such knowledge as would put the ordinarily prudent man upon inquiry, and further the accomplishment of such design." And further said: "The fact that a person selling his goods is at the time indebted, and does not intend to apply the money he receives for them to the debts, is not of itself sufficient to establish a fraudulent or dishonest purpose. The sale to be void as to creditors must be made with the intent to hinder, delay, or defraud them, in which the purchaser must participate by purchasing with a view to abet the fraudulent design. Fraud must be proved. Mere suspicions leading to no certain result are not sufficient grounds to establish it. It is incumbent upon a party who attacks a conveyance on the ground of fraud that it was made to defraud creditors, to show

that if it had not been made the goods would have been liable to seizure and sale upon execution." Now, this certainly covers exactly the same ground as the instruction requested by appellant. It is merely saying the same thing asked by the defendant in a little different way, and this court has always held that it is unnecessary to state the propositions of law to the jury in the exact words requested, provided the substance is given.

But it is claimed that the court erred in transferring this cause from Purcell to Ardmore for trial, and that the court at Ardmore was without jurisdiction to try it, which question was passed upon directly by the trial court. The action was begun originally against the United States marshal who was holding the goods under a writ of attachment; presumably it was brought in the court nearest where the United States marshal resided. When the appellants came into the case to defend as the real owners, and moved to transfer the cause to Purcell for trial, Purcell being appellants' place of business and appellee's place of business, appellants were entirely within their statutory rights. Where the court of its own motion obtained its authority to order the cause transferred to Ardmore for trial we are wholly unadvised. The statute governing in this territory is section 7, c. 145, Act March 1, 1895, 28 Stat. 697, and reads as follows: "All civil suits shall be brought in the district in which the defendant or defendants reside or may be found; * * * and if a resident, in the court nearest to his residence. All cases shall be tried in the court to which the process is returnable, unless a change of venue is allowed, in which case the court shall change the venue to the nearest place of holding court, within the district, and any civil cause may be removed to another district for trial if the court shall so order, on the application

of either party. The District Court at Ardmore had jurisdiction of the United States marshal as defendant in this suit. Of their own volition appellants came into the case at Ardmore, and submitted themselves and their cause to the jurisdiction of that court, and would have no right to demand a removal of the cause from Ardmore to Purcell or any other point, except upon a sufficient showing on motion for a change of venue. No sufficient showing was made for change of venue, but the venue or place of trial was changed to permit the defendants, appellants, the privilege of defending said action in the court nearest their residence. From the record it seems that in calling the case at Purcell the plaintiff's counsel moved the court to retransfer the cause to Ardmore, and the court, after hearing the argument on its own motion, ordered that the cause be transferred to the United States Court, sitting at Ardmore. Whereupon the appellants moved the court that the action be dismissed for want of jurisdiction, which was overruled by the court. Was this such an abuse of discretion by the court as made it error? We think not. There is nothing in the record to show that appellant could not and did not have as fair trial in their cause of action at Ardmore as it would have had at Purcell. There is nothing in the record which shows that the residents of Ardmore were more prejudiced against appellants than the residents at Purcell. There is nothing to show that the costs of trial at Ardmore were more than they would have been at Purcell.

The court had jurisdiction of both the subject-matter of the action and the persons of both plaintiff and defendants, and we must hold, after an examination of this record, that there is no error, and the judgment of the lower court is therefore affirmed.

CLAYTON, J., concurs. RAYMOND, C. J., not participating.