SAMUEL W. HAYES,
MATTHEW J. KANE,
JOHN B. TURNER,       } Justices.
R. L. WILLIAMS,

### McCLELLAND v. SCHMIDT.

No. 512.   Opinion Filed July 12, 1910.

(110 Pac. 901.)

1.   JUSTICES OF THE PEACE—New Trial—Surprise—Jurisdiction. Where, in an action of replevin before a justice of the peace, the justice on motion of defendant pursuant to Wilson's Rev. & Ann. St. Okla. 1903, sec. 5037, dismissed the cause for want of prosecution, ordered the property returned or its value paid defendant, and taxed plaintiff with the cost, and where plaintiff next day, pursuant to said statutes (section 5032), filed a motion for a new trial on the ground of accident and surprise, pursuant to said statutes (section 4493), which the court sustained over defendant's objection, and where, after trial anew in that court, defendant appealed and before trial anew in the district court, moved to sustain the appeal, and dismiss the cause on the ground that the justice was without jurisdiction, which was overruled, held, no error; that, while the justice might have erred in holding the motion for a new trial sufficient under the statute and in granting the same, he was not without jurisdiction to entertain and pass upon said motion.

585

2.    APPEAL AND ERROR — Questions of Fact—Review. Where controverted questions of fact are tried to the court and the evidence reasonably tends to support the judgment, it will not be disturbed on appeal.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County; A. H. Huston, Judge.*

Replevin by Henry F. Schmidt against Alex McClelland. Judgment for plaintiff, and defendant brings error. Affirmed.

*H. M. Bear* and *Robberts & Curran,* for plaintiff in error.
*Geo. L. Bowman,* for defendant in error.

TURNER, J.   This is an action of replevin commenced by Henry F. Schmidt, defendant in error, plaintiff below, against the plaintiff in error, defendant below, before a justice of the peace in Kingfisher county.   On the return day, to wit, January 25, 1906, plaintiff having failed to appear at 11 o'clock a. m., the time set for trial being 10 o'clock a. m., on motion of defendant the court dismissed the cause for want of prosecution, ordered the property returned, or its value paid defendant, and taxed plaintiff with the costs.   Wilson's Rev. & Ann. St. Okla. 1903, § 5037.   The next day plaintiff appeared and moved the court to vacate the judgment, alleging in his motion, which was sworn to, that he was "surprised by the above cause being tried on the above-mentioned date for I verily believed that the above cause was to be tried on Thursday the 26th day of July, 1906, and that it was an accident that caused me, this affiant, not to be present when said cause was heard."   On the next day, after hearing the application and the argument of counsel on both sides, but no evidence or counter affidavits, the justice vacated the judgment, granted a new trial, and set the case for August 3, 1906, at which time it was tried.   There was verdict and judgment for plaintiff, and defendant appealed.   Before trial anew in the district court, where the cause was tried to the court and resulted in judgment for plaintiff, defendant moved the court to sustain the appeal and

dismiss the case on the ground that the record shows the justice's court was without jurisdiction, which was overruled, and defendant brings the case here. . This he assigns for error, and contends that, when plaintiff's case was dismissed, the justice had no further jurisdiction except to issue execution and none to set aside the judgment on said motion.

We do not think so, for the reason that the judgment set aside was a final judgment from which plaintiff, having a right of appeal (*Moore v. Toennisson,* 28 Kan. 608), could and did within due time (Wilson's Rev. & Ann. St. Okla. 1903, § 5032) file a motion for a new trial on the ground of accident and surprise pursuant to the third ground of Wilson's Rev. & Ann. St. Okla. 1903, § 4493. And, while defendant could have on the ruling of the court sustaining the motion and in effect holding it to be sufficient assigned the same for error and appealed therefrom (*Butts v. Anderson,* 19 Okla. 367, 91 Pac. 906, *Linderman v. Nolan,* 16 Okla. 352, 83 Pac. 796), we cannot say that in entertaining the motion and passing thereon the court was acting without jurisdiction. For that reason, the court did not err in overruling defendant's motion to sustain the appeal and dismiss the action. In *Cox v. Tyler,* 6 Neb. 297, and *Baker v. Knickerbocker,* 25 Kan. 288, cited by defendant, and in other cases we have examined, the point here sought to be raised was brought before the court as error, and not as a jurisdictional question.

Before plaintiff could recover the horses in controversy as exempt, it was necessary for him to prove himself to be a resident of the state and the head of a family. On this issue the court found in his favor, which, after examining the record, we find ample evidence tending to support. It is unnecessary to recite of what said evidence consists. It, in substance, tended to prove that at that time plaintiff's family consisted of a child three years old which lived a part of the time with him on his claim near Shattuck and a part of the time with its grandfather not far away; that at the time of levy plaintiff was living with a Mr. Bowers

in Kingfisher county, was the sole support of said child, and paid its board when it was not living with him. On this point the rule laid down by *Betts v. Mills*, 8 Okla. 351, 58 Pac. 957, applies:

"Where a case is tried by the court without a jury and a general finding of fact is made upon oral testimony, such finding is a finding of every special thing necessary to be found, to sustain the general finding and is conclusive in the Supreme Court upon all doubtful questions of fact."

See, also, *McCann v. McCann*, 24 Okla. 264, 103 Pac. 694, and cases cited.

The judgment of the trial court is affirmed.

All the Justices concur.