# HOCKER v. CARROLL.

No. 2074.   Opinion Filed December 3, 1912.

Rehearing Denied January 14. 1913.

(129 Pac. 56.)

EXEMPTIONS—Proceedings to Protect—Notice of Claim. The United States Commissioner for P. commissioner's district. after issu- ing an execution based on a judgment on a contract, absented himself from said district so that the judgment debtor could not give notice of his intention to claim as exempt a mare levied upon under said execution, which he was entitled to claim as exempt under the laws then in force in the Indian Territory. At the execution sale the debtor gave notice of hrs intention to claim the mare as exempt. In an action in replevin by him against the execution purchaser for possession of the mare, held, he was en- titled to recover.

(Syllabus by the Court.)

*Error from District Court, McClain County;*
*R. McMillan, Judge.*

Action by F. J. Carroll, for the use of the Union National Bank, against J. W. Hocker. Judgment for plaintiff, and de- fendant brings error. Affirmed.

*J. W. Hocker, pro se.*

*Glasco & Jacobs,* for defendant in error.

WILLIAMS, J.   The defendant in error, for the use of the Union National Bank, as plaintiff, commenced an action in the mayor's court of the incorporated town of Purcell, against the plaintiff in error, J. W. Hocker, as defendant, on September 5, 1907, to recover a certain iron gray mare.

Execution issued by the United States Commissioner for the Southern Judicial District of the Indian Territory, at Pur- cell, on a judgment on a contract, and the defendant sought to claim the mare as exempt. When the execution was placed in the hands of the constable for said district, said commissioner was absent on a 30-day vacation. After due notice to the plain-

tiff by the judgment debtor that he would file his schedule of exemptions as provided by section 3006 of Mansf. Dig of Ark. (sectio 2121, Ind. Ter. Ann. St. 1899), he filed same with the commissione for the Ardmore district. Said schedule was disallowed on 'he ground that he had no jurisdiction in the premises. Afterwards the mare was sold under said execution, and in due time a replevin action was commenced for her recovery. The Southern judicial district and the Purcell commissione's dis-, trict corresponded respectively to a county and township by the statute of Arkansas, extended by section 9 ot the Act of March 1, 1895, c. 145, 28 St. at L. 693, in force in the Indian Territory. *Graham v. Stowe,* 1 Ind. T. 405, 37 S. W. 837; *Watkins v. United States,* 3 Ind. T. 281, 54 S. W. 819; *Purcell W. Gro. Co. v. Bryant,* 6 Ind T. 78, 89 S. W. 662; Act May 2, 1890, c. 182, sec. 32, 26 St at L. p. 81; section 4, c. 145, 28 St. at L. p. 693.

In *Thompson v. Ogle,* 55 Ark. 101, 17 S. W. 583, it is said:

"In a case in which the defendant failed to claim his exemptions before sale, on account of absence in attendance upon a sick family, the Supreme Court of California held that the sale was no bar to his claim. *Haswell v. Parsons,* 15 Cal. 266. And this court held that a sale did not divest a debtor's homestead where the failure to claim it before sale was occasioned by the fraud of the plaintiff. *Carter v. Jennings,* 53 Ark. 242. If a failure to make the claim in proper time may be excused for fraud, upon like principle it would, we think, be excused for unavoidable accident or mistake. In this case the debtor did everything in his power to assert his constitutional rights in the manner provided by the statute. On the day of the levy he gave notice of his intention to claim his exemptions; he could do nothing more until after a lapse of five days, and within that time he died. He was still the owner of the property, subject to a defeasible lien which he was proceeding to displace, when prevented by his death. As he left a widow and personal estate, including the mule, worth less than $300, it passed to her. * * * She could not prevent the sale by filing the schedule and obtaining a supersedeas, for this remedy is provided for the debtor only. But she did all that she could do to assert her rights and hold the property, and all that it was necessary to do to protect the judgment creditor, as well as bidders at the execution sale, by giving notice at the sale of her rights and intention to asser

them. When the policy of the law is considered, it cannot be held that she forfeited its benefits because she did no more."

.Statutory provision was made for the issuance of executions by justices of the peace when the justice of the peace was absent from his office so that he could not be found, or when he was absent from his township or county for more than ten days. Sections 4107 and 4108 of Mansf. Dig. of Ark. (sections 2787 and 2788, Ind. T. Ann. St. 1899). Also when no justice of the peace was in the township, or when all the justices thereof were disqualified, actions may be brought before some justice of the peace in some other township in the county. Section 4031 of Mansf. Dig. of Ark. (section 2711, Ind. T. Ann. St. 1899). The jurisdiction of the justice of the peace is coextensive with the county in which he is elected or appointed. Section 4027, Mansf. Dig. of Ark. (section 2707, Ind. T. Ann. St. 1899). All the foregoing sections of Mansfield's Digest were extended in force in the Indian Territory by acts of Congress. Section 31 of Act of May 2, 1890, 26 St. at L. p. 91; section 4 of Act of March 1, 1895, c. 145, 28 St. at L. p. 693.

Such United States commissioner was not authorized to sit as justice of the peace outside of his township or district. *Leiber v. Argaubright,* 25 Okla. 177, 105 Pac. 341; sections 2696, 2697, and 2698, Ind. Ter. Ann. St. 1899 (sections 4016, 4017, and 4018, Mansf. Dig. of Ark.); section 4, c. 145, 28 St. at L. p. 693.

Section 4, c. 145, Act of Congress of March 1, 1895 (28 St. at L. p. 693), provides as follows:

" * * * The judge for each district may fix the place where, or the time when, each commissioner shall hold his regular terms of court. The order appointing such commissioners shall be in writing and shall be spread upon the records of one of the courts of the district for which they are appointed; and such order shall designate, by metes and bounds, the portion of the district for which they are appointed. They shall have all the powers of commissioners of the circuit courts of the United States. They shall be *ex officio* notaries public and *ex officio* justices of the peace within and for the portion of the district for which they are appointed, and shall have the power as such to solemnize marriages. . * * * "

In *Thompson v. Ogle, supra,* the widow of the deceased debtor, who left a personal estate, including the live stock, worth less than $300, it passing to her by virtue of the statute, could not prevent the sale by filing the schedule to obtain a supersedeas. Section 3006 of Mansf. Dig. of Ark. (section 2121, Ind. T. Ann. St. 1899). If the widow by operation of law, succeeding to the rights of her deceased husband after notice was had, could not file the schedule and cause supersedeas to issue, how can the conclusion be reached that when the justice of the peace or commissioner is absent so he cannot be found, or when he is to be absent from the township or county for over ten days and has deposited his docket with the nearest justice of the peace or commissioner in the county, then, any justice of the peace or commissioner of the county being authorized to issue an execution on any judgment rendered by such absent justice of the peace or commissioner, that any justice of the peace or commissioner in the county would have a right to entertain the filing of the schedule upon an execution issued by such absent justice of the peace or commissioner?

Statutes conferring jurisdiction upon justices of the peace are to be strictly construed and not to be aided or extended by implication beyond their express term. *St. Louis & S. F. R. Co. v. Couch,* 28 Okla. 331, 114 Pac. 694; *Sims v. Kennedy,* 67 Kan. 383, 73 Pac. 51.

It is not within the express terms of the statute that any other than the justice of the peace issuing the execution may entertain the filing of the schedule of exemptions. The absenting of the commissioner from the Purcell district, after the issuance of the execution, appears to bring this case within the rule in *Thompson v. Ogle, supra.* The debtor would be excused for unavoidable accident or mistake in failing to make the claim for his exemptions under the procedure laid down by the statute.

Bouvier defines "accident" to be "an event which, under the circumstances, is unusual and unexpected by the person to whom it happens. The happening of an event without the concurrence of the will of the person by whose agency it was caused. * * *" The absence of the commissioner from his township or district

was unavoidable, so far as the debtor was concerned, and entitled him, after giving notice at the execution sale of his rights and of his intention to assert them, to maintain a replevin action for the recovery of his exempt property. This is in line with the principle announced by paragraph 4 of the syllabus in *J. W. Ripey & Son v. Art Wall Paper Co.*, 27 Okla. 600, 112 Pac. 1119, which has also been reaffirmed in *Duffield v. Ingraham, ante,* 128 Pac. 111. *Binion et al. v. Lyle,* 28 Okla. 430, 114 Pac. 618, arose under the statutes of Oklahoma Territory.

It is not essential to pass on the question of the amendment of the schedule filed before the Ardmore commissioner, as he had no jurisdiction to entertain the filing of such schedule. The judgment of the lower court must be affirmed.

All the Justices concur.