## WILLIAMSON v. CORNETT.

No. 14181—Opinion Filed April 8, 1924.

(Syllabus.)

**1. Attachment — Motion to Dissolve—Exemptions—Burden of Proof.**

Upon a motion to dissolve an attachment for the reason that the property attached is exempt from forced sale, the burden is upon the movant to show that the property in question is exempt under the law and that movant claims such exemption.

**2. Same—Erroneous Dissolution.**

Where there is no evidence tending to show such facts, it is error for the trial court in the face of testimony tending to show that such property is not exempt, to sustain the motion to dissolve.

**3. Same.**

Where the movant in such case fails to appear and fails to offer any evidence, tending to show that he had abandoned his motion, but wholly makes default thereby, it is error for the trial court to sustain such motion and dissolve the attachment.

Error from District Court, Osage County; Chas. B. Wilson, Jr., Judge.

Action by Frances B. Williamson against Roy Cornett. Motion to dissolve attachment sustained, and plaintiff brings error. Reversed and remanded.

Leahy, McDonald, Holcombe, Lohman & Files, for plaintiff in error.

B. C. Trice, for defendant in error.

HARRISON, J. This action involves the question of error of the district court in sustaining a motion to dissolve on attachment; the reason for dissolving same being the alleged grounds that the property attached was exempt from forced sale.

The plaintiff in error brought suit in the justice court against the defendant in error for $200, alleged to be due from defendant for the rent of a house, and obtained judgment for the $200, but in the meantime procured an order of attachment and attached certain household goods.

The defendant made no defense to the suit, but moved to dissolve the attachment on the grounds that the property was exempt.

Upon a trial de novo in the district court the motion to dissolve the attachment was sustained for the reason that the property attached was exempt from forced sale, and plaintiff has appealed from the judgment dissolving the attachment, assigning error of the district court in dissolving same.

Three grounds are assigned for reversal, viz.:

(1) Error of the trial court in holding that the burden of proof was upon the plaintiff to show that the property was not exempt.

(2) Error in holding that such property was exempt when there was no evidence reasonably tending to show the same was exempt.

(3) That the court erred in not holding that, since the defendant failed to appear and offer any evidence in support of his motion to dissolve, the plaintiff in error was entitled to judgment by default.

There was a fourth assignment, merely overruling motion for new trial, which embraced the three previous propositions.

The plaintiff in error has filed briefs in support of his contentions, and defendant in error having filed no brief, nor shown any valid reason for his failure to do so, nor reason why such judgment should not be reversed, the cause could appropriately be reversed strictly under the rule for reversal where plaintiff in error has filed his brief and defendant has failed, but inasmuch as certain propositions of law are urged which should be settled for the trial court in further trial, and inasmuch as the judgment was a default judgment, the defendant failing to appear and failing to offer any evidence in support of the motion to dissolve the attachment, we refrain from rendering judgment not knowing what defense defendant might be able to make, and not knowing whether he desires to make any defense.

But the plaintiff in error's first assignment in placing the burden of proof upon the plaintiff to show that the property attached was not exempt, was clearly erroneous.

There is no proof in the record that the property, though alleged to have consisted of household goods, was exempt from forced sale, nor is there any proof tending to show

that defendant claimed exemption. True there was a motion filed to dissolve the attachment on the ground of exemption, but defendant in error failed to appear at the trial and failed to offer any testimony tending to show that he had abandoned his claim of exemption, or that it was in fact exempt from forced sale.

The affidavit for attachment showed a clear right to attachment, even though the property had consisted of household goods and had been used as such and was in fact exempt under the law, because the affidavit for attachment showed the following allegations of fact, to wit:

"First, That said defendant has absconded with the intention to defraud his creditors.

"Second. That said defendant has left the county of his residence to avoid the service of summons.

"Third. That said defendant so conceals himself that a summons cannot be served upon him.

"Fourth. That said defendant is about to remove his property or a part thereof out of the jurisdiction of the court with the intent to defraud his creditors.

"Fifth. That said defendant is about to convert his property or a part thereof into money for the purpose of placing it beyond the reach of his creditors.

"Sixth. That said defendant has assigned, removed, or disposed of, or is about to dispose of his property, or a part thereof, with the intent to defraud, hinder, or delay his creditors".

This, under the affidavit, under section 340, Comp. Stat. 1921, and under proof sustaining the allegations in same, would authorize the attachment of property of the character here involved, and if the allegations were untrue, or the property was exempt, and the defendant claimed such exemptions, the burden was upon the defendant to assert such claim and prove the exemption. See McClelland v. Schmidt, 26 Okla. 587, 110 Pac. 901; Parsons v. Evans, 44 Okla. 751, 145 Pac. 1122; Sale v. Shipp, 58 Okla. 598, 160 Pac. 502; Hacker v. Correll, 35 Okla. 290, 129 Pac. 56; In re Blanchard, 161 Fed. 793.

As to the second assignment, the record fails to show any evidence tending to show that this property is exempt. The defendant was not present and offered no evidence whatever.

The third assignment is also well taken, for the reason that defendant failing to appear, failing to offer any evidence tending to show that his property was exempt, and failing to assert his claim of exemption, the court, so far as the record disclosed, had no means of knowing or adjudging that the defendant had not abandoned his motion.

For these reasons, the judgment is reversed, with directions to grant a new trial in accord with these conclusions.

Reversed and remanded.

JOHNSON, C. J, and NICHOLSON, COCHRAN, BRANSON, and LYDICK, JJ., concur.